# Klein, Appellant, *v.* Cohen.

*Attachment execution—Trial of issue—Province of court and jury—Evidence.*

On the trial of an issue raised in an attachment execution, where the testimony of the garnishee leaves it doubtful whether he had or had not moneys of the defendant in his hands at the date of the service of the writ, the case must be submitted to the jury, and it is error for the court to enter a compulsory nonsuit.

Argued May 9, 1904.   Appeal, No. 21, April T., 1904, by plaintiff, from order of C. P. Armstrong Co., March T., 1903, No. 66, refusing to take off compulsory nonsuit in case of Max Klein v. J. J. Cohen and E. O. Golden and John Krumpe. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Issue in attachment execution.

At the trial the only evidence as to whether there was any money of the defendant in the hands of the garnishee at the date of the writ, was contained in the testimony of the garnishee himself. The material portion of this testimony is quoted in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*H. A. Heilman,* of *McCullough & Heilman,* with him *Austin Clark,* for appellant.

*W. L. Peart,* for appellee.

OPINION BY SMITH, J., July 28, 1904:

The issue in this case, reached on attachment execution, is whether E. O. Golden, garnishee, had possession of money or attachable property of J. J. Cohen, the defendant, bound by the writ. Cohen was about to sell his wholesale liquor store to one John Krumpe, provided the license therefor was transferred to him. Pending the negotiations the purchase money was secured by the check of Krumpe, and by agreement it was placed in the hands of the garnishee. The license was duly transferred, the sale completed, and the check paid to Golden, and this money was assigned by the defendant to some of his creditors, and is alleged to have been paid to them by the garnishee, but whether it was all thus paid, is the question at issue. The burden was on the plaintiff to show money or attachable property in the hands of the garnishee bound by the writ. The only testimony on the point was that of the garnishee; it was to the effect that he had received the check of Klein for $1,400, further testifying " that money was placed in my hands contingent upon the transfer of the license, if the license was transferred then the money was to go to Jake Cohen (the defendant) and if not then the money was to be returned to Mr. Krumpe. Q. Was there any of that money in your hands on the 5th day of December last? A. None of it. Q. None of this money? A. There was some of that money.

Q. How much, please? A. I could not tell you, there is somewhere in the neighborhood of $250, I think. Q. Somewhere between $250 and $300? A. Somewhere about that. Q. Not less than $200? A. No, sir. Q. It was after the service of this attachment upon you in this case? A. Yes, sir, but I would like to explain in regard to the money in my hands on the 5th of December, that money which was a portion of this money did not belong to Jacob J. Cohen."

While it might be inferred from the garnishee's whole testimony that there was no money of the defendants in his hands, bound by the attachment, yet this is not so clear as to warrant the court in deciding it. Under the evidence it was a question of fact for the decision of the jury, and should have been submitted to them. The contention that the plaintiff received a portion of the proceeds of the check is not borne out by the record, and, like the other uncertain point, was for the determination of the jury—not the court. The failure to distinguish between the functions of the jury and those of the court is the error here. All facts, inferences and conclusions founded upon them are exclusively for the determination of the jury; their ascertainment is beyond the duties of the court, and orderly procedure requires that this line of demarcation be observed and followed. The court stated the law correctly, in substance, but erred in invading the province of the jury by entering a compulsory nonsuit, and this error is not corrected by calling attention to omissions from the record of other important parts of the evidence.

Judgment reversed and a venire facias de novo awarded.