Vandergrift, Appellant, *v.* Wartman et al.

Argued October 18, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Samuel Halbert,* for appellant.

*Harold B. Beitler,* and with him *Mortimer B. Rosenberger,* for garnishee.

OPINION BY PARKER, J., February 1, 1935:

The plaintiff having a judgment against the defendant issued an attachment execution and summoned "City of Philadelphia Police Pension Fund Association" as garnishee. To interrogatories filed the garnishee answered that the defendant was entitled to a pension at the rate of $44.05 per month and that it had in its hands the amount due him for the month of July, 1933. The garnishee was then ruled to plead and entered a plea of nulla bona. While the case was waiting trial, the garnishee petitioned the municipal court to dissolve the attachment. A rule to show cause was granted and was subsequently made absolute.

The appellant contends that there were not sufficient

facts alleged in the petition or appearing at any place in the record to support the action of the court. The petition to dissolve, after reciting the previous pleadings, alleged: "That thereafter, in a similar case arising before his Honor, Judge GORDON, being Personal Finance Company v. John A. Clement and Mary Clement, bearing the term of C. P. 2, December, 1932, No. 8019, wherein an attachment issued against your petitioner herein, and wherein a rule for judgment was taken, the said rule was dissolved on the ground that as a matter of law the police pension fund was not attachable. A copy of the said opinion is attached hereto and made a part hereof." These are all the facts asserted in support of the petition and additional facts are not found at any other place in the record.

The judge of the court below, who disposed of the rule, gave no reason for his action and failed to comply with rule No. 58 of this court by filing of record a statement of the reasons for such order, but we assume that the rule was made absolute on the ground that the funds admitted to be in the hands of the garnishee were not subject to attachment. In order to determine whether the fund was subject to attachment it was necessary to know the character and nature of the organization described as the "City of Philadelphia Police Pension Fund Association." Yet there is not a single averment of fact from which we can determine whether this corporation, if it is such, is an auxiliary of the city government, under what statute or for what purpose it was organized, or how it functioned. While the Act of May 24, 1893, P. L. 129, provided for the establishment of a police pension fund by boroughs and cities of this Commonwealth, and the Act of May 20, 1915, P. L. 566, made similar provision for a pension fund for all employees of cities of the first class, there is nothing in this record to indicate

what, if any, relation the garnishee bore to the municipality or to any fund created or supplied by the municipality.

The appellant asserts in his brief that the garnishee is a private corporation. This fact does not appear of record, but certainly the plaintiff was entitled to show such to be the case if it was a fact. The court below was without sufficient information to dispose of the rule. "The rights of the parties could not be disposed of in this summary manner:" Lorenz v. Orlady, 87 Pa. 226, 227. A petition of this kind should not be granted except in clear cases and even then must be supported by facts appearing of record.

The order dissolving the attachment is reversed, and it is ordered that the attachment be reinstated.