Yount, Appellant, *v.* McKenna et al.

Argued November 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Alvin J. Ludwig,* with him *Irwin I. Tryon,* for appellant.

*Anthony R. McGrath,* with him *Saul L. Rubin, Louis T. Katusin,* and *Herbert R. Carroll,* for appellee.

OPINION BY FINE, J., March 15, 1949:

Fred G. Yount, appellant, obtained a judgment by confession against Charles E. McKenna, appellee, and on April 30, 1948, caused a writ of attachment execution to be issued against Thomas H. Cauley as garnishee. The garnishee filed an answer stating that he held no funds of appellee but did hold $2,509.95 in trust for appellee and Yvonne L. McKenna, his wife. On June 2, 1948, appellant filed a rule requiring the garnishee to plead to the issue. The following day Yvonne L. McKenna filed her "Petition to Discharge and Quash the Attachment" wherein she averred, *inter alia,* that she is the wife of Charles E. McKenna; that the funds in the hands of the garnishee represented the proceeds from the sale of real estate formerly owned by her and her husband as tenants by the entireties; that said proceeds had been deposited with Thomas H. Cauley, in trust, for payment of specific obligations; that by virtue of the quality of ownership of the fund the attachment

was improper and void: and prayed that the fund be released from the attachment execution and the garnishee discharged.

The garnishee entered a plea of *nulla bona* on June 24, 1948, and the following day appellant filed his præcipe for issue. On July 13, 1948, the court below entered an order quashing the writ of attachment.

Appellant contends that, issue having joined after an answer was filed by the garnishee, the court was in error when it disposed of the matter without a hearing on the factual matters at issue and treated the pleadings as raising a single issue of law. What was said in *Klein v. Cohen*, 25 Pa. Superior Ct. 621, 623, applies here: "The failure to distinguish between the functions of the jury and those of the court is the error here. All facts, inferences and conclusions founded upon them are exclusively for the determination of the jury; their ascertainment is beyond the duties of the court, and orderly procedure requires that this line of demarcation be observed and followed. The court stated the law correctly, in substance, but erred in invading the province of the jury . . ."

Writs of attachment execution may be quashed on motion only where there is some defect on the face of the record itself which invalidates the proceeding or where evidence dehors the record is produced to establish such defects: *Provident Trust Co. v. Rothman*, 321 Pa. 177, 183 A. 793. In *Pasquinelli v. Southern Macaroni Mfg. Co.*, 272 Pa. 468, 116 A. 372, it was said (p. 477): "An applicant to quash a writ may not aver simply a defense on the merits, or a good legal answer to the alleged debt itself, he must point to some defect in the record which renders the proceeding fundamentally irregular and void (citing cases), or if (as in exceptional instances is allowed) evidence dehors the record is produced to establish defects therein, the defects depended on must be of a character to put plaintiff completely out

of court, . . . If the most that is averred is a defense on the merits, or simply a good legal answer to the alleged debt itself, such a defense must be developed at trial, unless an agreement on the facts, or something tantamount thereto, appears, which shows a case so fully developed that, if on trial, it would require binding instructions for defendant: Pasquinelli v. Gross, 74 Pa. Superior Ct. 296."

*Pasquinelli v. Southern Macaroni Mfg. Co.,* supra, concerned a writ of foreign attachment. The Supreme Court, however, has recognized applicability of principles therein set forth to actions involving a writ of attachment execution. *Provident Trust Co. v. Rothman,* supra. Certain it is that the fundamental differences between original writs and writs of execution issued upon judgment result in defenses applicable solely to the respective actions. Basic principles, however, are applicable to both.

As the answer clearly stated nothing more than a valid defense on the merits, there was necessarily raised an issue of fact requiring submission thereof to a fact-finding body. This was not done. The case had proceeded to issue before the petition of Yvonne L. McKenna was filed. She was never made a party to the proceedings, either by intervention or otherwise. Nevertheless, the court relying upon her motion proceeded summarily to dispose of the case. "It was not the right of either the defendant or the garnishee to have the attachment dissolved in a summary manner": *Lorenz v. Orlady,* 87 Pa. 226, 228. See *Vandergrift v. Wartman,* 116 Pa. Superior Ct. 235, 176 A. 758. Nor, manifestly, was it the right of one not a party to the proceedings to have the attachment thus dissolved. In any event there are no defects apparent on the face of the record.

The court below apparently assumed that Yvonne L. McKenna was permitted to intervene in the proceedings and that the averments of her petition filed under

oath, together with the answer of the garnishee, a reputable member of the bar, were conclusive evidence. Her averments and the garnishee's answers were not evidence nor conclusive of facts therein alleged. Moreover, she was neither a party litigant nor an intervenor.

Whether the fund was the property of appellee and his wife, whether it was held in trust for certain of *their* creditors, or whether it was the property of the husband appellee are matters of proof. Final determination can be made by an appropriate fact-finding body only after evidence has been adduced by the parties in support of their respective allegations. It will be incumbent on appellant to show funds or property of the judgment debtor in the garnishee's hands subject to the attachment. If there is evidence to go to the jury on that question, the jury must be permitted to decide it. The court cannot determine that question of fact so raised by the pleadings.

Judgment reversed with a *procedendo.*