## Liberty Fish Co. v. Smith

*Herman Steerman*, for plaintiff.

*Herman N. Silver*, for Beatrice Smith, garnishee.

*Arthur S. Salus*, for Broad Street Trust Co., garnishee.

SLOANE, J., September 18, 1956.—Plaintiff got judgment for $6,599.39 on January 20, 1954, against defendant, Frank E. Smith, individually and trading as O'Hara Fish Co.[1] On the same date, plaintiff issued an attachment execution naming Broad Street Trust Company and Beatrice (S.) Smith, wife of defendant Frank E. Smith, as garnishees. The attachment was served on Beatrice Smith on January 23, 1954. She pleaded "nulla bona" but refused to answer interrogatories.

---

[1] Plaintiff sought judgment against Beatrice Smith, garnishee here, as a partner in O'Hara Fish Co., but after trial, before Judge Reimel on March 15, 1956, a verdict was rendered in her favor.

Trial of the garnishment issue as to Beatrice Smith came before me. The factual situation raises no conflict and may be summarized as follows:

Beatrice Smith had a bank account in the Broad Street Trust Company. On September 21, 1951, she signed a card, a power of attorney, whereby her husband, Frank E. Smith, was enabled to use the account without caution or hindrance or exception. And he did. He could sign checks in the form "Beatrice Smith, Frank Smith, Atty.;" also he could sign checks on the account without adding the word "attorney". The admitted errant purpose of the power of attorney was to enable Mr. Smith to carry on his business; he was in financial difficulties, had judgments against him and did not carry a bank account in his own name. Such bank account would be a quick subject of a creditor's satisfaction. After the execution of the power of attorney, Beatrice Smith never used the account; it was used exclusively by her husband, who deposited his own moneys therein and withdrew them by checks signed, "Beatrice Smith, Frank Smith, Atty". The account was finally closed out April 20, 1955.

On January 20, 1954, the date the attachment issued, there was $3,968.71 in the account, and on January 23, 1954, the date of service of the attachment on Beatrice Smith, the balance was $1.39, the difference of $3,967.32 having been withdrawn in the interim. Thereafter, from January 26, 1954, to December 2, 1954, a total of $57,034.97 was deposited in the account and from January 23, 1954, to April 20, 1955, $57,036.36 was withdrawn, which closed out the account.

On this record, plaintiff essays judgment against Beatrice Smith as garnishee for the full amount of the judgment against her husand, $6,599.39. There was only $1.39 in the account at the time plaintiff's

attachment was served upon her, but far more than the amount of the judgment was sub'sequently deposited, so that if the attachment is otherwise valid, it has to be for the full amount of plaintiff's judgment against the husband-defendant: Sniderman v. Nerone, 336 Pa. 305 (affirmed on opinion of Superior Court in 136 Pa. Superior Ct. 381); Rankin v. Culver, 303 Pa. 401, 404.[2]

Mrs. Smith, garnishee, asserts she had no funds of defendant-husband in her hands at the time of service of the attachment upon her or subsequently, that the account was actually that of her husband, it represented his deposits and withdrawals only, and could therefore be reached only through an execution against him with the bank as garnishee.[3] She asserts she was not her husband's debtor, that she had no money of his in her custody, and therefore does not come within the clauses enumerated in section 35 of the Act of June 16, 1836, P. L. 755, 12 PS §2265.[4]

Though defendant could have shown that the money

---

[2] In foreign attachment, the rule is otherwise. The attachment falls if there is no property in the hands of the garnishee at the time of service of the attachment: Falk & Co. v. So. Texas Cotton Oil Co., 368 Pa. 199; Atkins v. Canadian SKF Co., 353 Pa. 312. Pa. R. C. P. No. 3106, effective October 1, 1954, after the attachment in this case was served, made a change, not material here; after-acquired property up to the time of judgment is bound and not merely to the time of the trial as before: Frazier v. Berg, 306 Pa. 317, 325.

[3] The status of the bank as garnishee is not here in question; the issue before me is that between plaintiff and Beatrice Smith as garnishee.

[4] "In the case of a debt due to the defendant, or of a deposit of money made by him, or of goods or chattels pawned, pledged, or demised, as aforesaid, the same may be attached and levied in satisfaction of the judgment, in the manner allowed in the case of a foreign attachment . . .."

in the account was his in any proceeding where this issue was relevant (Yount v. McKenna, 164 Pa. Superior Ct. 334, 338), it was in an account in his wife's name on which he had a power of attorney. She retained certain powers with respect to this account. She could have withdrawn funds from it, even though she might have been made to account to defendant if she did so; she could have revoked the power of attorney, though he could have required her by action to turn over all the funds in the account to him. Therefore, to that extent, and as far as we know, she clearly had control over the moneys in the account and at least potential custody.

The sanction may appear drastic, giving plaintiff a judgment against Mrs. Smith because she gave authority to her husband to use her account. But avoidance lay within easy reach; all she needed to do was revoke the power of attorney and withdraw Mr. Smith's right to use the account.[5] As a garnishee she had to exercise a high degree of care to protect the rights of all parties until the legal result was regularly reached: Shipman v. Seiwell, 101 Pa. Superior Ct. 95, 100; Mulvihill v. Philadelphia Saving Fund Society, 117 Pa. Superior Ct. 455, 461. Upon service of the attachment upon her, she could and should have revoked the power of attorney and left whatever funds were in the account intact until determination of the issue. Such right as Mr. Smith had to recover funds in the account from her could not impair the rights of the attaching creditor. Rather

---

[5] Mr. Smith opened another account in the same bank, on October 4, 1954, signing and using his wife's name, in a substantially similar way. This was without her knowledge, and she had no duty with respect to that account. Her signature or consent was never obtained, and plaintiff seeks no judgment against her as garnishee as to this account.

it emphasizes that funds of his, rightfully subject to application toward plaintiff's judgment, were in an account controlled by garnishee.

It may be that plaintiff had a choice of other procedures here, but this does not render futile what it did here. Prior to the Banking Code of May 15, 1933, P. L. 624, sec. 905, 7 PS §819-905, plaintiff could have attached the account by executing against Frank E. Smith, describing him also under the alias name of "Beatrice Smith, Frank Smith, Atty.," and named the bank as garnishee. Now an appropriate method appears to be by complaint in equity against Mrs. Smith and the bank, asserting real ownership in defendant of the account in the other name and requesting a restraining order. See discussion in Goodrich-Amram, secs. 3103-7 and 3103-8, on attachment execution.

As to the account here garnished, it was one of which the garnishee had knowledge. It was originally her account and continued so with her signature card and her signed power of attorney to defendant. Though the money was actually his, the potential custody she possessed was sufficient to require her to respect the attachment and freeze the fund.

This is, of course, not an attempt to reach defendant's funds on the theory they were fraudulently transferred to his wife; if that were the situation, another procedure would be appropriate. But here Mrs. Smith's relationship to the account does make her liable as garnishee.

### Finding

I find for plaintiff, Liberty Fish Co., against Beatrice Smith, also known as Beatrice S. Smith, garnishee, in the sum of $6,599.39.