Fleming et al., Appellants, *v.* Quaid.

Argued March 18, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Norman C. Henss,* with him *Cohen, Shapiro, Berger & Cohen,* for appellants.

*Marvin Krasny,* with him *Melvin Lashner,* and *Adelman & Lavine,* for intervening appellee.

OPINION BY FLOOD, J., June 11, 1964:

Having obtained a judgment against James A. Quaid, the appellants caused a writ of attachment execution to be issued, naming as garnishee Stanley B. Smullen, trustee in bankruptcy of 1817 Metal Works, Inc., and directing the sheriff to attach "all funds Stanley B. Smullen, Trustee, has been directed to pay to Quaid Fabrications, Inc., and James A. Quaid, defendant, both being one and the same entity . . . ." The garnishee's answers to the appellants' interrogatories admitted that he held $4,500 which the bankruptcy court had approved for payment to Quaid Fabrications, Inc., in settlement of a reclamation petition. Without formally intervening, Quaid Fabrications, Inc. filed preliminary objections and a petition to set aside the writ, averring that the judgment on the basis of which the writ was issued was against James A. Quaid as an individual and that the court had no jurisdiction to determine in an attachment proceeding whether the corporate entity and James A. Quaid are one and the same. In the answer to the preliminary objections and petition, the appellants averred that James A. Quaid and the corporation are one and the same entity because Quaid (a) is the sole stockholder and president of Quaid Fabrications, Inc., (b) has treated the corporation's assets as his own in dealing with plaintiffs and others, (c) has disregarded the corporate entity whenever he desired and (d) has stated that his only obligation to the plaintiffs in this suit was to make payment from the proceeds of the sale of assets of Quaid Fabrications, Inc., which were the subject of the reclamation petition. The appellants also contend that the corporation is not a party and has no standing to ask the court to set aside the writ of attachment. They urge that the rule should have been discharged and contend that the corporation can test title only in a trial to determine the ownership of the fund.

The court below made absolute the corporation's rule to set aside the attachment, holding that (1) Pa. R. C. P. No. 3121 permits the corporation to petition to set aside the writ, (2) it could properly determine on such petition whether or not to pierce the corporate veil, and (3) it did not believe the facts set forth by the appellants in their answer, even if proved, would warrant the conclusion that the corporate entity be disregarded. We cannot approve this determination.

The procedure adopted by the Quaid Fabrications, Inc. to attack the attachment is misconceived. Without formally intervening, it filed preliminary objections and a petition to set aside the writ, giving as its reason that the property belonged to the corporation not to the judgment debtor. This is not a proper reason for setting aside a writ. A petition to set aside the writ under Pa. R. C. P. No. 3121(d) is not an appropriate procedure to determine the ownership of an attached fund. Under this rule, the writ may be set aside only for (1) a defect therein, (2) a showing of exemption or immunity of the property or (3) any other legal and equitable ground. No exemption, immunity or defect in the writ appears and, under our cases, the mere averment that the property attached does not belong to the judgment debtor furnishes no legal or equitable ground for setting aside a writ of attachment. *Yount v. McKenna*, 164 Pa. Superior Ct. 334, 64 A. 2d 519 (1949). Even if the corporation's averment as to ownership of the property is true, the attachment is still good and may reach other property of the judgment debtor in the hands of the garnishee. Even if, when the writ is served, the garnishee holds no property belonging to the judgment debtor, the attachment will bind any of his property which may later come into the garnishee's hands prior to judgment against him.

Preliminary objections are equally unavailable. In attachment proceedings preliminary objections are regulated by Pa. R. C. P. No. 3142. Neither immunity, exemption or jurisdiction over the garnishee is raised here. The fact that there may be no property of the defendant in the hands of the garnishee when the writ is served does not deprive the court of jurisdiction as it would in foreign attachment.

The corporation's remedy is to intervene formally under Pa. R. C. P. No. 2326 et seq., and either (1) dissolve the attachment by giving security under Pa. R. C. P. No. 3143(b), after which the trustee will be in a position to pay the money to the corporation, leaving the issue of ownership as between the corporation and the judgment debtor to be determined in subsequent proceedings under the attachment; (2) file answers to the interrogatories stating that the property sought to be attached is the property of the corporation, not of the judgment debtor, and move for trial on this issue; or (3) move for trial upon the interrogatories and the garnishee's answers.

Under any of these alternatives, the plaintiffs will have the burden of proving the allegation set forth in their interrogatories, viz., that Quaid Fabrications, Inc. and James A. Quaid are "one and the same entity". For the purpose of defining the issues to be tried, the rules provide that as between the plaintiffs and the garnishee the interrogatories shall, as far as practicable, be considered as though they were a complaint and the answers of the garnishee as an answer in assumpsit. Pa. R. C. P. No. 3145(a). Intervention by the corporation, as indicated above, does not alter the burden of proof. Accordingly, the plaintiffs have the burden of proving that the corporate entity may properly be disregarded on the ground that the corporation is an alter ego of Quaid and, therefore, that the money payable to the corporation is subject to be ap-

propriated to their claim. The averments of the writ, the interrogatories and the answers thereto are sufficient to frame the issues to be tried.

As we said in *Jennison v. Aacher*, 201 Pa. Superior Ct. 583, 193 A. 2d 769 (1963), the provision in Pa. R. C. P. No. 3145(a) that the procedure between the plaintiff and the garnishee shall "as far as practicable" be considered as though the interrogatories were a complaint, does not require that the plaintiff, in his interrogatories, plead all the facts which the defendant, in whose shoes he stands, would have to plead to recover against the garnishee. We there pointed out that interrogatories are primarily a discovery process and not a complaint; that it is not their function to set forth a good cause of action on the part of the defendant against the garnishee, particularly since the plaintiff could not be expected to know the necessary facts giving rise to the garnishee's liability to the judgment defendant. For this reason, they need not set forth all the facts as to the relationship of the defendant with a corporation alleged to be his alter ego.

The corporation did not intervene below, but it has done so in this appeal. Its interest in the outcome of this litigation is such that it would have been granted leave to intervene below had a proper petition been filed. Under the circumstances, a formal petition to intervene below should not be required. See *Tallarico v. Bellotti*, 414 Pa. 535, 200 A. 2d 763 (1964). While the corporation's procedure is not approved, in view of the mandate of Pa. R. C. P. No. 126 for the just, speedy and inexpensive determination of legal actions, the matter should be promptly set for trial (without jury, because it sounds in equity) without further pleadings. The preliminary objections may serve as new matter and the plaintiffs' answers thereto as their reply. The issue has been clearly joined in the documents already filed. Under the circumstances, prompt

disposition of the case is more important than further and more formal verbiage.

The order is reversed and the matter remanded for further proceedings in accordance with this opinion.