## Lantzy v. Velest Coal Co., Inc.

*Westover & Lantzy*, for plaintiff.

*Vasil Fisanick*, for defendant.

*Marvin L. Wilenzik* and *Myers, Talor & Peduzzi*, for claimants.

PER CURIAM, May 20, 1968.—Plaintiff, John P. Lantzy, leased certain seams of coal of which he was the owner to defendant, Velest Coal Co., Inc., and confessed judgment on a warrant of attorney contained in the lease against Velest for unpaid royalties on certain premises in Dean Township, the surface of which is owned by the Game Commission of the Commonwealth of Pennsylvania.

Plaintiff then issued an execution on the judgment and the sheriff made a levy on all personal property consisting of various mining equipment in the possession of Velest.

Property claims were filed by three security agreement creditors of defendant under Pennsylvania Rules of Civil Procedure 3202 whereupon the sheriff gave notice of the claims under Pa. R. C. P. 3203 and later filed his determination that claimants were not the prima facie owners of the property. Within the 10-day period allowed by Pa. R. C. P. 3207, claimants filed objections to the sheriff's determination without bond whereupon the interpleader became at issue.

At the oral argument it was agreed that the lien of the sheriff's levy should be removed from the equipment of the Barnesboro Finance Company. An appropriate order of court was therefore entered to this effect.

There is no doubt but that plaintiff's contention that the sheriff may proceed to sell on his levy is correct. Pa. R. C. P. 3207 (e) provides as follows:

"If the claimant files his objection without bond the property shall remain subject to the levy and shall be

sold in execution, unless otherwise ordered by the court. The proceeds shall be retained by the sheriff or paid into court until the determination of the interpleader".

Plaintiff and claimants have submitted to the court, however, the question of the priority of their claims. Each of the two remaining claimants, Velma E. Garman and Equipment Finance, Inc., had perfected security agreements covering the mining machinery which they respectively leased to defendant, Velest Coal Co., Inc. Moreover, in the case of Equipment Finance, Inc. its equipment at the time it was moved on the premises had affixed thereon a decal in accordance with the provisions of The Landlord and Tenant Act of April 6, 1951, P. L. 69, sec. 403, 68 PS §250.403. Plaintiff calls our attention to the case of Bloom v. Hilty, 210 Pa. Superior Ct. 255, in which Cardwell Gas Drilling Company purchased certain articles at a sheriff's sale on a writ of execution. In this case the court found that Cardwell was entitled to judgment in replevin, but there it appeared that at the sheriff's sale Cardwell was given no notice of the outstanding security interests. In this case there is no doubt of plaintiff's knowledge of claimants' security agreements. Plaintiff also cites Fleming v. Quaid, 204 Pa. Superior Ct. 19, to the effect that an averment that property attached does not belong to the judgment debtor furnishes no legal ground for setting aside the writ. This is correct. The writ will not be set aside. However, that case concerned an attachment and this concerns a sheriff's sale on a writ of execution.

Coming to the priority of the claims, we are satisfied that claimants have a priority interest in the mining equipment which is the subject of their security agreements.

1. The equipment levied on was not located on plaintiff's property but on the property of the Penn-

sylvania State Game Commission since plaintiff owned and leased to Velest the coal only and not the surface. Except as otherwise provided by statute, as in the case of a fraudulent or clandestine removal, a distress may be made only for goods located on the demised premises: 22 P. L. Ency. 163, Landlord and Tenant, §370.

2. Even if claimants' property had been located on the premises of plaintiff, neither at common law nor under The Landlord and Tenant Act of April 6, 1951, 68 PS §250.101, could the goods of a stranger be levied upon in an execution based on a confession of judgment contained in a lease: Reid v. Baker, 15 Monroe 77; 69 Montg. 231; 67 York 77.

3. Section 9-311 of the Uniform Commercial Code of April 6, 1953, 12A PS 9-311, as amended, provides:

"The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default".

It is clear that permitting the *debtor's* rights to be transferred whether voluntarily or involuntarily does not invalidate the lien of the secured party. In this case Velest could voluntarily transfer its rights or its rights could be transferred out of it to the purchaser at the sheriff's sale but the equipment purchased by the purchaser at the sheriff's sale would nevertheless be subject to claimants' security interests.

4. It may be noted that the mining equipment sold under the security agreement of Equipment Finance, Inc., would be subject to the priority lien of this claimant even if plaintiff Lantzy's sale had been on distress for rent. The Landlord and Tenant Act of April 6, 1951, P. L. 69, sec. 403, 68 PS 250.403, provides that a landlord may levy upon and sell under distress for rent the interest of a tenant in personal property men-

tioned in this section subject to the rights of the owner, lender or lessor or conditional vendor. Subsection 12 refers to industrial and mining machinery and proper notice was given the landlord by the decal affixed to the mining equipment.

We, therefore, enter the following

### DECREE

And now, May 20, 1968, the Sheriff of Cambria County is directed to proceed with the sheriff's sale in accordance with his levy made to June term, 1967, no. 1, E.D., but the purchaser at the sheriff's sale shall take title subject to the claims of Equipment Finance, Inc. and Velma E. Garman, claimants.