**Copeland v. Banks**

*Paul Shalita*, for plaintiff.
*John J. D'Angelo*, for defendant.

RIBNER, *J.*, February 19, 1975—Defendant, Robert Banks, came before this court with a motion to set aside execution, sheriff's levy and assessment of damages. Plaintiff, Albert L. Copeland, duly filed his answer, and we thereafter dismissed the motion.

Defendant, Robert Banks, executed a judgment note to plaintiff on June 5, 1968, in the amount of $21,000. On June 26, 1971, a judgment by confession was entered in favor of plaintiff. Thereafter, a petition to open judgment was filed. The Honorable Ned L. Hirsh dismissed the petition on July 31, 1973, after reducing the amount of the judgment to $13,500.

On January 29, 1974, plaintiff assessed damages in the sum of $15,120 and filed a praecipe for writ of execution, naming Continental, Girard Trust and Philadelphia National Banks as garnishees. The January 29, 1974, writ, which showed the name

"Banks Auto Center" in parentheses after the name of defendant Robert Banks, as did the assessment of damages, directed that motor vehicles titled in the name of Banks Auto Center, being the property of defendant, Robert Banks, be levied upon. The writ also directed that all savings and checking accounts and safe deposit boxes in the name of Robert Banks or Banks Auto Center in the possession of the garnishees be attached.

Accordingly, the Sheriff of Philadelphia levied upon a 1969 Dodge vehicle registered in the name of Banks Auto Center and valued at approximately $1,300. On February 11, 1974, plaintiff attached a bank account in the name of Banks Auto Center located with the garnishee, Continental Bank, account no. 38-1-367-2. The preceding facts substantially represent those averments presented by defendant's motion, and admitted by plaintiff's answer.

Petitioner argues that the above procedures were defective in two regards. First he argues that the judgment granted by Judge Hirsh's order was in the amount of $13,500. Thus plaintiff's January 29, 1974, assessment of $15,120 was contrary to the court order. Secondly, it is contended that the judgment note is only valid against Robert Banks, an individual, and not Banks Auto Center which is alleged to be a corporation and which has never been a party to the instant litigation.

Plaintiff's answer states that the increase from $13,500 to $15,120 represents the judgment amount with interest accrued to the date of the assessment. This procedure is authorized by Pa.R.C.P. 2957:

"Rule 2957. Execution. Amount. Items Claimed. Plaintiff may include the amount due, interest, at-

torneys' fees and costs in his praecipe for a writ of execution under Rule 3251(5). Where judgment has been entered under Rule 2951(a) and there has been a record appearance of counsel at any stage of the proceedings and attorneys' fees are authorized in the instrument, these fees may be included in the praecipe for a writ of execution."

The crux of petitioner's second argument is that plaintiff's levy of the car and attachment of the bank account involved property not belonging to petitioner, but rather owned by Banks Auto Center. The issue, reduced to its simplest state, presents a question of ownership. Plaintiff answered this argument by contending that Robert Banks and Banks Auto Center are in reality the same entity. From this answer we infer that plaintiff is arguing either that no corporation really exists or if it does that we should pierce the corporate veil.

Petitioner has based his motion upon Pa.R.C.P. 3121(d)(3), which provides that the court may set aside a writ, service, or levy upon the showing of any legal or equitable ground for such relief.

The question presented for decision, therefore, is whether petitioner's allegations meet those requirements necessary to set aside the writ of execution and the subsequent levy and attachment pursuant thereto. More precisely, is the contention that the car and bank account were not owned by Robert Banks a proper legal or equitable argument to meet the requirements of Pa.R.C.P. 3121(d)(3)?

In Fleming v. Quaid, 204 Pa. Superior Ct. 19, 201 A. 2d 252 (1964), this exact issue was before the court, which stated the following

"A petition to set aside the writ under Pa.R.C.P. No. 3121(d) is not an appropriate procedure to determine the ownership of an attached fund. Under

this rule, the writ may be set aside only for (1) a defect therein, (2) a showing of exemption or immunity of the property or (3) any other legal and equitable ground. No exemption, immunity or defect in the writ appears and, under our cases, the mere averment that the property attached does not belong to the judgment debtor furnishes no legal or equitable ground for setting aside a writ of attachment: Yount v. McKenna, 164 Pa. Superior Ct. 334, 64 A. 2d 519 (1949)." Fleming v. Quaid, 204 Pa. Superior Ct. at page 22.

The court, in the Fleming case, supra, went on to state, in language applicable here to Banks Auto Center (p. 23):

"The corporation's remedy is to intervene formally under Pa.R.C.P. No. 2326 et seq., and either (1) dissolve the attachment by giving security under Pa.R.C.P. No. 3143(b), after which the trustee will be in a position to pay the money to the corporation, leaving the issue of ownership as between the corporation and the judgment debtor to be determined in subsequent proceedings under the attachment; (2) file answers to the interrogatories stating that the property sought to be attached is the property of the corporation, not of the judgment debtor, and move for trial on this issue; or (3) move for trial upon the interrogatories and the garnishee's answers."

Ownership is indeed an important issue, but a petition to set aside, in accordance with Pa.R.C.P. 3121(d)(3) is not the proper vehicle to obtain this determination. A brief glance at the information before this court clearly manifests its inability to determine the issue of ownership as a matter of law. Plaintiff has averred that the corporate veil

should be pierced and that Robert Banks and Banks Auto Center are the same entity, but nowhere in the petition or answer is the court supplied with such facts as Robert Banks' relationship with the corporation—how its assets were treated, whether the corporate entity was disregarded, etc.—all elements which need be examined before an ownership determination could be made.

With regard to the levy upon the motor vehicle, the appropriate procedure under these circumstances would be for Banks Auto Center to file with the sheriff a property claim asserting ownership. This triggers the process of the sheriff's interpleader. See Pa.R.C.P. 3201-3215.

Defendant is impaled upon the horns of a dilemma when he pursues the argument he has raised in the instant case. If he states that Banks Auto Center is a separate entity from Robert Banks, then he is not properly before this court and must take other procedural steps as outlined, supra. If he states that Banks Auto Center is the same party and has standing to pursue the steps taken, then plaintiff is correct that defendant's assets have been properly taken.

Actually, Banks Auto Center must litigate the issue of ownership in a proper and orderly fashion, and if, at the conclusion of these proceedings, that party needs a further stay of proceedings for that purpose, an application therefor may be made to this court.

For the foregoing reasons, this court on November 29, 1974, dismissed the motion.