418 A.2d 397

**UNITY MUTUAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Robert J. DI DOMENICO, Individually and trading as 630 Realty Associates, a Pennsylvania Limited Partnership.**

Superior Court of Pennsylvania.

Argued March 22, 1979.

Filed Jan. 11, 1980.

Herman J. Obert, Philadelphia, for appellant.

Michael P. Dignazio, Media, for appellees.

Before PRICE, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

This appeal is from the lower court's order setting aside a writ of execution sought by appellant Unity Mutual Life Insurance Company (Unity) against property Unity alleges is owned solely by appellee Robert J. Di Domenico (Di Domenico). For the reasons which follow, we reverse.

■ Unity is a creditor of Di Domenico. Unity caused the issuance of a writ of execution to attach certain monies due to Di Domenico arising out of a fire loss covered by a contract of insurance on a building owned by Di Domenico and his wife as tenants by the entirety. The contract listed only Di Domenico as the sole named insured. Di Domenico then moved, pursuant to Pa.R.Civ.P. 3121(d)[1], to set the

1. Pa.R.Civ.P. 3121(d) provides, in relevant part:
   The court may on application of any party in interest set aside the writ, service or levy (1) for a defect therein; (2) upon a

Unity writ aside averring that the proceeds were not subject to attachment because they were the entireties property of himself and his wife. Rule 3121(d) is not the proper procedure to determine a claim to ownership of attached property. *Fleming v. Quaid*, 204 Pa.Super. 19, 201 A.2d 252 (1964); *Copeland v. Banks*, 74 D. & C.2d 348, *aff'd* 235 Pa.Super. 736, 345 A.2d 230 (1975); 9 Goodrich-Amram 2d 263 (1977). The court below attempted to distinguish the instant matter on the grounds that appellee "was attempting to have the writ of execution set aside on the ground that the property in question is exempt and/or immune from suit . . . ." However, the fundamental issue, as appellee and the court below must and do concede, is the ownership of the insurance proceeds: If the fund be owned by appellee alone, it may be attached by his creditor; if it be property of the marital entity, then it may not be. The couching of this dispute in terms of "immune and exempt" property is inappropriate under the circumstances. The lower court's distinction of *Fleming* and *Copeland* because they involved "a third party attempting to establish a claim of ownership to attached property" is one without difference; the rule that a "petition to set aside the writ under Pa.R.C.P. No. 3121(d) is not an appropriate procedure to determine the ownership of an attached fund"[2] is unequivocally stated in those cases and is specifically applicable here. *See* 204 Pa.Super. at 22, 201 A.2d at 254; 74 D. & C.2d at 352–53.

■ Further, the purported equitable grounds, relied upon by the trial court, which grounds are also stated in terms of ownership of the proceeds by entireties rather than by Di Domenico alone, will not support the setting aside of the writ: "The mere averment that the property attached does not belong to the judgment debtor furnishes no legal or equitable ground for setting aside a writ of attachment." *Fleming v. Quaid*, supra, 204 Pa.Super. at 22, 201 A.2d at 255.

showing of exemption or immunity of property from execution, or (3) upon any other legal or equitable ground therefor.

2. 204 Pa.Super. at 22, 201 A.2d at 254.

Our determination here related solely to the inappropriate procedure involved. The order of the court below is therefore reversed without prejudice to the appellee's right to institute an appropriate action to determine the ownership of the insurance proceeds.

Order reversed.