428 A.2d 978

**GULF MORTGAGE AND REALTY INVESTMENTS, (now known as GMR Properties)**

v.

**Eugene J. ALTEN, James E. Meneses and Irving Pearlman.**

**Appeal of James E. MENESES.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed April 3, 1981.

---

Gregory J. Dean, King of Prussia, for appellants.

Stuart J. Novick, Philadelphia, submitted a brief on behalf of appellees.

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

We have before us the appeal of James E. Meneses from the order of the lower court dated December 19, 1979 which discharged its previously issued Rules to Show Cause and dismissed appellant's petition to quash a writ of attachment.

We reverse and set aside the writ issued against Anne Meneses, wife of appellant James E. Meneses, for reasons more fully set forth herein.

A review of this complex proceeding may be briefly summarized as follows:

On July 2, 1976, appellee caused a Florida judgment in the total amount of $257,014.80 against three named individuals, including appellant James E. Meneses, to be entered in the Court of Common Pleas of Montgomery County, Pennsylvania. On November 2, 1978, appellee caused a writ of execution to be issued against the three individual debtors and served upon the American Bank and Trust Company of Pennsylvania, as garnishee. The writ directed the sheriff to attach property held by the bank, to-wit:

> "... all cash, checking accounts, savings accounts, securities, negotiable instruments, certificates of deposit, leases, safe deposit boxes being held in the name of James E. Meneses, *in the name of Anne Meneses, and in the names of James E. Meneses and Anne Meneses jointly, as though it were the property of James E. Meneses,* pursuant to the Uniform Fraudulent Conveyance Act, Act of May 21, 1921, P.L. 1045, No. 379, § 9, 39 P.S. § 359(1)(b)." (Emphasis added)

Anne Meneses is the wife of appellant James E. Meneses.

On November 6, 1978, the writ of execution was served on the Bank along with interrogatories in attachment. Pursu-

ant to the writ, the Bank placed a hold on the following accounts containing the following amounts of money:

| Account Type & Number | Account Title | Amount |
|---|---|---|
| Demand Deposit 1004–318–2 | James E. Meneses and Anne Meneses | $1,010.29 |
| Demand Deposit 1004–317–2 | Anne Meneses | $ 388.41 |
| Demand Deposit 1292–583–2 | Anne Meneses | $ 100.00 |

Separate petitions to quash the writ of attachment were filed by both James E. and Anne Meneses, and on February 6, 1979 the lower court issued a rule upon the appellee. Appellee filed separate answers and new matter to which responses were filed. The lower court consolidated both petitions and on December 19, 1979, discharged its previously issued rule(s) and dismissed the petition(s).[1] It is from this order that the instant appeal has been brought.

■ Anne Meneses contends that her constitutionally protected right of procedural due process was violated when her three afore-scheduled accounts were seized without prior notice or hearing.

We agree and hence dissolve the attachment against the assets of Anne Meneses.

Anne Meneses was not a debtor of the appellee. At the time of the issuance of the writ, she was not a named defendant in any pending litigation between the parties;[2] nor did a garnishment issue against her. Moreover, nowhere within the four corners of the writ is there set forth either a sworn affidavit or a bare allegation that the property held by the garnishee bank had been fraudulently conveyed by

1. Because the lower court treated the two petitions as one, we will not address ourselves to the issue of the "standing" of Anne Meneses to effectively prosecute or bring this appeal.

2. Subsequently, on November 24, 1979, appellee filed a petition for the appointment of a temporary receiver together with a complaint in equity, (and thereafter an amended petition) which included allegations concerning an alleged fraudulent conveyance by James E. to Anne Meneses.

James E. to Anne Meneses. "The writ was issued pursuant to a judgment for which (she) was not obligated. The writ was issued pursuant to litigation to which (she) was not a party, and to which the (appellee) was not even named as a garnishee." (Appellant's brief, p. 11). Finally it must be noted that the attachment/seizure process was entirely ministerial; neither the prothonotary who accepted the writ nor the sheriff who served it had discretionary power or individual authority to do anything other than as directed.

We are constrained to find that the lower court erred when it discharged the rule and appellant's motion(s) to quash.

We need not here digress and survey, the decisions in *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Jonnet v. Dollar Savings Bank*, 530 F.2d 1123 (1976); *Magrini v. Magrini*, 263 Pa.Super. 366, 398 A.2d 179 (1979); *Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 375 A.2d 1285 (1977), as they may by analogy apply to or be distinguishable from the case at bar. Suffice it to say that the *Uniform Fraudulent Conveyance Act*, Act of May 21, 1921, P.L. 1045, No. 379, § 9, 39 P.S. § 359 provides in relevant part:

(1) Where a conveyance or obligation *is fraudulent* as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser:

(b) Disregard the conveyance, and attach or levy execution upon the property conveyed.

(3) Knowledge that a conveyance has been made as a gift or for nominal consideration shall not by itself be deemed to be knowledge that the conveyance was a fraud on any creditor of the grantor, or impose any duty on the person purchasing the property from the grantee to make inquiry as to whether such conveyance was or was not a fraud on any such creditor. 1921, May 21, P.L. 1045, No. 379, § 9. (Emphasis added).

■ Moreover, it must be noted that in a suit to set aside an alleged fraudulent conveyance, the burden of proof is upon the moving party and the ultimate issue, to-wit, whether the transfer in question is fraudulent, is an issue of fact for the jury.

In the instant case, there was no pre-attachment or pre-seizure judicial determination or finding that there was or had been a fraudulent conveyance from appellant James E. Meneses to his wife Anne Meneses.

Therefore the above section of the Uniform Fraudulent Conveyance Act (supra) relied upon by the appellant in obtaining the writ of execution, was misapplied and should not have been employed in violation of Anne Meneses' constitutionally-protected, procedural right of due process.

We concur with the appellant in his contention that "[T]o adopt the reasoning of the lower court in this matter is to allow anyone who holds a judgment to attach the bank accounts of any other individual by the mere issuance of a writ with an unverified allegation of fraud. It is this chaotic result which the lower court has authorized." (Appellant's brief, p. 19).

■ Finally, appellee contends that the procedure followed by Anne Meneses in involving herself in this legal controversy is neither provided nor sanctioned by the Pennsylvania Rules of Civil Procedure and therefore her arguments should not be received. Frankly, we acknowledged that Anne Meneses' procedural involvement *should* have commenced with the filing of a petition to intervene under the Pennsylvania Rules of Civil Procedure 2326 et seq. *Fleming v. Quaid*, 204 Pa.Super. 19, 201 A.2d 252 (1964).

We, however, do not consider this procedural defect fatal in light of the fact that the lower court considered both petitions to quash as one; and also in the spirit of Pennsylvania Rules of Civil Procedure 126 "... to secure the just, speedy and inexpensive determination of every action, ... the court ... may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

We therefore consider Anne Meneses' petition to quash the writ as the effective procedural equivalent of a petition to set aside the writ under Pa.R.C.P. 3121(d); and we consider a constitutional attack on same as falling within the broad scope of 3121(d)(3) which provides that a petition to set aside a writ of execution may be set aside "upon any other legal or equitable ground therefor."

Accordingly we hereby reverse the order of the lower court dated December 19, 1979 as same specifically applies to Anne Meneses and herewith set aside and dissolve the writ of execution upon the property of James E. Meneses and Anne Meneses jointly or in the name of Anne Meneses, individually, as though it were the property of James E. Meneses.

Order reversed consistent herewith.

SPAETH and CAVANAUGH, JJ., concur in the result.