NATIONAL STABILIZATION AGREE-MENT OF THE SHEET METAL IN-DUSTRY TRUST FUND, Plaintiff,

v.

Ronald E. EVANS t/a and d/b/a Evans Sheet Metal and Evans & Evans, Defendants,

and

PNC Bank, Garnishee.

No. 3:MI–99–0043.

United States District Court, M.D. Pennsylvania.

Nov. 12, 1999.

Linda S. Fossi, Philadelphia, PA, Sanford G. Rosenthal, Sagot, Jennings & Sigmond, Philadelphia, PA, for National Stabilization Agreement of the Sheet Metal Industry Trust Fund, plaintiff.

Tullio DeLuca, Scranton, PA, David J. Tomaine, Scranton, PA, for Ronald E. Evans, defendant.

## MEMORANDUM

MUNLEY, District Judge.

Before the court is Robert Evans' motion to stay the execution of property and to vacate and set aside levy and garnishment of bank account. The plaintiff is National Stabilization Agreement of the Sheet Metal Industry Trust Fund, the defendant is Ronald E. Evans t/a and d/b/a Evans Sheet Metal and Evans & Evans, and the garnishee is PNC Bank. Having been argued and briefed, the matter is ripe for disposition.

## Background

The above-captioned case was filed in the Federal District Court for the Eastern District of Virginia on or about August 12, 1998. On December 21, 1998, the court entered a Default Judgment and Order against the defendant and in favor of the plaintiff in the amount of $8708.76. The judgment was transferred to the Middle District of Pennsylvania, where the defendants are located, on March 8, 1999. Plaintiff conducted a bank account search and was notified that the defendants maintained a bank account number 9005049832 at PNC Bank (hereinafter "account").

Plaintiff filed a writ of execution garnishing the account on April 29, 1999. The writ requested that the United States Marshall for the Middle District of Pennsylvania satisfy a judgment amount of $8708.76 entered against Ronald E. Evans t/a and d/b/a Evans Sheet Metal and Evans & Evans out of checking and savings accounts, special accounts, certificates of deposit, safe deposit boxes, accounts payable, retainages and any and all property and money in the possession of PNC Bank and any accounts in the name of Evans & Evans Sheet Metal HVAC and/or account number 9005049832. PNC Bank informed Robert E. Evans (hereinafter "Evans") t/a Evans & Evans that it had frozen $9,700.00 of his money from said account. Evans subsequently filed the instant motion to stay and vacate. Evans alleges that he is neither a party to the lawsuit nor a judgment debtor of the plaintiff and his bank account at PNC was wrongfully levied and attached.

## Discussion

 Federal Rule of Civil Procedure 69 sets forth the procedures to enforce judgments in federal courts. Rule 69 states that the procedure to be utilized in enforcing judgments is the practice and procedure for the state in which the district court is located. As this court is located in the Middle District of Pennsylvania, we shall apply Pennsylvania law. Under the Pennsylvania Rules of Civil Procedure execution is begun by filing a praecipe for a writ of execution with the prothonotary. Pa.R.C.P. 3103. If the property to be executed upon is in the possession of a third party not the defendant, the writ is served by the sheriff on the third party as garnishee. Pa.R.C.P. 3108. Service of the writ upon the garnishee attaches all appropriate property of the defendant which is in the possession of the garnishee. Pa.R.C.P. 3111.

In the present case, the plaintiff had a judgment against Ronald E. Evans t/a Evans Sheet Metal and Evans & Evans, Inc. The account that was attached is in the name of Robert E. Evans d/b/a Evans and Evans Sheet Metal. While the names are similar, from the face of the account itself, it appears that the account which was attached does not belong to the judgment debtor, and its attachment was inappropriate.

Plaintiff alleges that Evans made a procedural error in filing the instant motion. According to the plaintiff the correct manner in which to challenge a levy and garnishment is to intervene in the action. In support of its position plaintiff relies on the Pennsylvania Superior Court case of *Fleming v. Quaid,* 204 Pa.Super. 19, 201 A.2d 252 (1964). In that case, the plaintiff had a judgment against James A. Quaid and attached the property of Quaid Fabrications, a corporation which they claimed was an alter ego of the judgment debtor. Quaid Fabrications raised preliminary objections and a petition to set aside the writ of attachment execution, claiming that because the judgment was against James A. Quaid, not the corporation, the court had no jurisdiction to determine in an attachment proceeding whether the corporate entity and James A. Quaid were one and the same. *Id.* at 254. The Superior Court held that the non-party corporation had not followed proper procedure to attack the writ. It held that the proper procedure was as follows:

The corporation's remedy is to intervene formally under Pa.R.C.P. No. 2326 et seq., and either (1) dissolve the attachment by giving security under Pa.R.C.P. No. 3143(b), after which the trustee will be in a position to pay the money to the corporation, leaving the issue of ownership as between the corporation and the judgment debtor to be determined in subsequent proceedings under the attachment; (2) file answers to interrogatories stating that the property sought to be attached is the property of the corporation, not of the judgment debtor, and move for trial on this issue; or (3) move for trial upon the interrogatories and the garnishee's answers.

*Id.* at 255.

Plaintiff claims that pursuant to *Fleming*, the motion should be denied to provide the opportunity to try the issue of fraudulent conveyance. Plaintiff claims that some type of relationship exists between Ronald and Robert Evans. This relationship is demonstrated by the following allegations: the two operate or operated sheet metal and construction businesses from the same address; defendant is being paid out of the attached bank account; Robert Evans is the defendant's nephew; Defendant Ronald Evans is currently an employee of Evans and Evans Sheet Metal; and the defendant business and Robert Evans' business have common ownership, common employees, common customers, and common equipment. Accordingly, plaintiff claims that sufficient evidence exists to entitle it to conduct discovery in the garnishment proceeding on the issue of whether there was a fraudulent transfer of assets from Ronald E. Evans to Robert E. Evans.

■■ Upon initial review, the plaintiff's argument appears cogent. The procedure set forth in *Fleming*, however, has been ruled unconstitutional by the United States District Court for the Eastern District of Pennsylvania in *Strick Corp. v. Thai Teak Products Co., Ltd.*, 493 F.Supp. 1210 (E.D.Pa.1980). After analyzing both United States Supreme Court precedent and Third Circuit precedent, the *Strick* court found that the above procedure violates due process of the law. The court found that under Pennsylvania law the protections for garnishment defendants occur after attachment, where it can be attacked by the procedures described above. The court held:

[W]e find the Pennsylvania garnishment procedures unconstitutional as applied to the property of parties other than the judgment debtors. Additional safeguards would provide enhanced protection against mistaken attachment at minimal cost to the state. For guidance we look to the decision of the Supreme Court as interpreted by our Third Circuit.... An affidavit should be required clearly setting forth the factual basis for the conclusion that the garnishment defendants are alter egos of the judgment debtors. This affidavit should be presented to an official with competence to evaluate the claim and discretion to deny the writ. The writ should issue only if on its face probable cause exists for accepting its conclusion. Plaintiff should post bond to indemnify the defendant for a mistaken taking. Finally, an immediate post attachment hearing should take place where plaintiff would be required to prove the existence of an alter ego relationship.

*Id.* at 1217.

We are in agreement. Due process governs the balancing of interests between a judgment creditor who seeks to retain property for eventual payment and a property owner who was not a named party to the judgment. *ABC Sewer Cleaning Co. v. Foxco, Inc.*, 1990 WL 139391 (E.D.Pa. 1990). *ABC* noted that Supreme Court, in a series of cases addressing prejudgment attachment, set forth that due process requires notice and hearing to protect against mistaken deprivation of property. See *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92

S.Ct. 1983, 32 L.Ed.2d 556 (1972); *North Georgia Finishing v. Di–Chem,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

Procedural due process and attachment have also been addressed by the Third Circuit Court of Appeals which has ruled that Pennsylvania's foreign attachment procedures were invalid violations of procedural due process as they served only the potential plaintiff's interests and provided insubstantial protection to the prospective defendant. *Jonnet v. Dollar Savings Bank,* 530 F.2d 1123 (3d Cir.1976). More recently, the Third Circuit has held that Pennsylvania's procedure of allowing writs of execution to be enforced on confessed judgments without providing any means of securing a pre-deprivation hearing or obtaining prompt post-seizure relief is a violation of due process. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1271 (3d Cir.1994).

While the *Strickland* and *ABC* cases involved allegations that one entity was actually the "alter ego" of another, we find their reasoning equally applicable to the present situation. In its response to Evans' motion to vacate, the plaintiff alleges both that the businesses in question have common ownership and are in actuality one and the same and that a fraudulent transfer occurred. Regardless, the situation is the same as in *Strickland* and *ABC;* an entity who was not the named judgment debtor had its property attached with no notice or hearing.

We find that as Evans was not a party to the underlying action, he has a strong interest in maintaining control of his assets prior to judgment being entered against him or prior to a showing that some type of fraudulent transfer occurred. The attachment of Evans' bank account was a violation of his due process rights. Consequently, and for the reasons more fully set forth therein, we agree with the *Strickland* court that to apply Pennsylvania's procedure for attachment to non-parties is unconstitutional.[1] Accordingly, we shall grant Evans' motion.

In addition to the federal courts, the Pennsylvania Superior Court has addressed a similar issue and come to the same conclusion. In *Gulf Mortgage and Realty Investments v. Alten,* 286 Pa.Super. 253, 428 A.2d 978 (1981), the bank accounts of a judgment debtor's wife were seized without prior notice or hearing. The creditors rationale in seizing the accounts was that a fraudulent transfer had occurred between the judgment debtor husband and his wife. The court found that the seizure violated the wife's procedural due process rights because she was neither herself a debtor of garnishor, nor a named defendant in the litigation. In addition the writ of execution contained no allegation that property in the bank accounts had been fraudulently conveyed. *Id.* at 980. The court went on to hold that in order to set aside an alleged fraudulent conveyance, the moving party has the burden of proof to establish whether the transfer in question is fraudulent, which is a jury question. *Id.* at 980–81. When the parties proceed with a writ of attachment/seizure, which is merely a ministerial process where the prothonotary has no discretionary power, a jury is not able to address the issue of fraudulent conveyance. *Id.*

As in *Gulf,* Robert E. Evans or Evans and Evans Sheet Metal were not parties to the underlying action. A review of the record indicates that the issue of fraudulent conveyance was first raised in the plaintiff's response to the instant motion.

---

1. We are further in agreement with *Strickland* and *ABC* that based upon *Jonnet, supra,* appropriate safeguards to prevent due process violations are as follows: The plaintiff should supply an affidavit setting forth the basis for the conclusion that the garnishment defendant is the alter ego/or conducted a fraudulent transfer with the judgment debtor. The writ of attachment should issue only if on its face probable cause exists for accepting its conclusion. A bond should be posted by plaintiff to indemnify the garnishment defendant for a mistaken taking. Lastly, an immediate post-attachment hearing should be held to prove that the plaintiff is entitled to the assets at issue.

Accordingly, under *Gulf, supra,* it is appropriate to set aside and dissolve the writ of execution placed on Ronald E. Evans bank account.

In conclusion, for all the reasons mentioned above, we find that the writ of execution should be set aside and dissolved. An appropriate order follows.