## United States of America ex rel. Marcus et al., Appellants, *v.* Morris et ux.

Argued September 29, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Vincent M. Casey,* with him *Margiotti & Casey,* for appellants.

*Warren H. Van Kirk,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, November 8, 1948:

The United States of America on relation of Morris L. Marcus, and Morris L. Marcus in his own behalf, instituted an action in the United States District Court for the Western District of Pennsylvania against certain defendants, one of the defendants being Robert N. Morris. The trial of this case in the United States District Court continued for a long period of time and resulted in a verdict in favor of the plaintiffs and against all the defendants, except one, in the sum of $315,100.91. An appeal was taken to the United States Circuit Court of Appeals, which reversed the judgment of the District Court. The United States Supreme Court later reinstated the judgment of the District Court. $100,000.00 of the judgment remains unpaid.

The Bill of Complaint identifies three tracts of land in Allegheny County, which were formerly the property of the defendant, Robert N. Morris. These were, on December 2, 1940 and December 19, 1940, conveyed by estates in entirety to Robert N. Morris and Louise Evert Morris, his wife. The Bill avers that December 2, 1940, was the date on which the above mentioned trial was begun in the United States District Court against Robert N. Morris and certain other defendants. It also avers

that there was no valuable consideration for the conveyances made by the defendants on December 2, 1940, and December 19, 1940, which purported to vest the estates in entirety in the defendants, who were husband and wife, and that the same were in fraud of creditors. The Bill prays that these deeds be decreed to be null and void and defendants be required to re-deed all of said premises to Robert N. Morris.

In the Answer it is denied that the conveyances referred to made Robert N. Morris insolvent or that the purpose and effect of these conveyances was to hinder, delay and defraud complainants and other creditors and to place said properties beyond the reach of legal process. The Answer further sets forth that Louise Evert Morris was a widow at the time of her marriage to Robert N. Morris, and upon the death of her first husband in 1933 she received a considerable estate, out of which she, prior to her marriage to Robert N. Morris in 1939, agreed to build a home on a lot in Mt. Lebanon, the title to which was in the name of Robert N. Morris, who later became her husband. The dwelling so erected cost over $20,-000.00, which is more than half of the value of all the real estate contributed to the entirety estates by Robert N. Morris. It is also averred in the Answer that prior to the construction of the dwelling house a deed for the lot upon which the house was erected had been made to her by Robert N. Morris, who later became her husband, and this deed was still in her possession at the time of the execution of the entirety deeds referred to.

The Chancellor made certain findings of fact which were substantially in accord with the averments in defendant's answer. The court found as a fact that when Robert N. Morris and Louise Evert Morris became in the year 1938 engaged to be married and wished to build a house to use as a residence by them after their marriage and it was agreed that this house should be constructed on a lot owned by him on Washington Road in Mt. Lebanon Township, in order to protect his prospective

wife for any expenditures she might make he, on May 2, 1939, conveyed to her the lot No. 103 on Washington Road, in the Township stated. This deed was not recorded, but as the court said, this deed was a preliminary step in the way of a property arrangement between Louise Evert McCombs and Robert N. Morris, which it was agreed between the parties thereto should be completed at a later date when the building of the residence had been finished and their marriage had taken place.

The court further found as facts: "In the payment of the substantial sum of more than $9000.00 by the Brookline Building & Loan Association to Mrs. Louise Evert McCombs, only $3000.00 of this sum was paid before the completion of the house on Washington Road, and $5000.00 of this sum was not paid until on or after July 30, 1940, which was after the completion of the house. There is no evidence in the case as to when the final bills for the completion of the house were all paid." "None of the money or estate of Louise Evert Morris had been invested in the properties owned by Robert N. Morris prior to the execution of the entirety estate deeds on December 2, and December 19, 1940. Louise Evert Morris not only had a substantial investment of from Twenty to Twenty-two Thousand Dollars in the building erected at 1270 Washington Road prior to December 2, 1940 but at that time had in her possession an unrecorded conveyance of this same property."

The Chancellor in his discussion said in regard to Louise Evert Morris: "We regard her as a credible witness and have found that she had a substantial estate, the larger part of which was in cash, prior to her acquaintance and marriage to the defendant, Robert N. Morris. The testimony with reference to which discrepancies were pointed out related to events for the most part, which took place more than thirteen years prior to the date of her testimony. At the time of trial she was an invalid and had been such for almost six years prior thereto. It seems to us quite within the range of probability that she had a

wish to reside in what we all know is a very desirable residential section, to wit, Washington Road in Mt. Lebanon. Her prospective husband had an available lot in that district, which was unencumbered. She proposed to invest a considerable part of her cash assets in a home for their joint use, and the prospective husband and wife discussed their mutual financial adjustments in the event of their prospective marriage. In order to protect his fiancee in the investment of her money in a house, Robert N. Morris on May 2, 1939, conveyed for the consideration of One Dollar to Louise Evert McCombs the lot on Washington Road on which she proposed to build a house."

Counsel for the plaintiffs argue that because one of the transactions which resulted in the creation of an entirety estate between the parties took place on December 2, 1940, and that this was the same day on which the trial of a large group of electrical contractors began in the United States District Court, that a strong presumption arises that there was fraud in these transfers. In answer to that contention the Chancellor says: "There would be great force in that contention if December 2, 1940 marked the beginning of this transaction, but the evidence, it seems to us, clearly establishes the fact that December 2, 1940 was only the long delayed completion of arrangements, which had taken place a considerable period prior thereto and before any question had yet been raised as to any indebtedness of Robert N. Morris to the Government of the United States or to Morris L. Marcus. There is no evidence that when this house was being built, or when the deed of May 2, 1939 from Robert N. Morris to Louise Evert McCombs was made that the United States had ever made any claim such as that, which was made finally in 1940 in the suit in the United States District Court."

The Chancellor also says: "The plaintiffs contend that if Louise Evert Morris spent her money on the construction of a residence on Washington Road that she was a mere volunteer. The evidence, however, is quite to

the contrary in that the house, which was begun, was not constructed on a lot owned by her prospective husband, but on a lot, which she at the time personally owned."

This is not a case where the wife of an insolvent debtor did not give full consideration for the husband's conveyance of property to her. Here Mrs. Morris paid full consideration for what she received. The court en banc stated that "the improvements alone on this lot were worth as much if not more than all the properties which were contributed by Robert N. Morris to the entireties estate. It therefore cannot be fairly held under the facts of this case that the consideration for the conveyances now under attack came solely from the defendant, Robert N. Morris." The $22,000.00 which Mrs. Morris provided for the building of the home for herself and her husband was money which she had largely received from the proceeds of life insurance policies on her first husband.

This Court in *Jarvis, Trustee, Appellant, v. Bell*, 296 Pa. 568, 146 A. 153, laid down certain principles which are applicable to the question involved in the instant case. In an opinion by Justice WALLING, we said: "If John [the son] made a bona fide purchase of the farm from his father, for a fair consideration, without intent to hinder or delay the latter's creditors, he acquired a good title whether his father was solvent or not. The fraudulent intent which will avoid a conveyance for value must be that of the purchaser: Reehling v. Byers, 94 Pa. 316. An insolvent may make an honest sale of his property for a fair consideration. See sections 3, 4 and 5 of the Act of May 21, 1921, P.L. 1045, 1046. If John bought the farm for a fair value in good faith he would not be affected by his father's financial affairs: Penna. Trust Co. v. Schenecker et al., 289 Pa. 277."

The court justly declared that the results sought by the plaintiffs would be inequitable, to wit, that the plaintiffs are "entitled to recover not only all the land described in the Bill, which originally was the property of the defendant, Robert N. Morris, but also to secure

tract No. 2, being the Washington Road property, with the improvement erected upon it at a cost of $20,000.00 or more, and paid for out of the separate estates of Louise Evert Morris."

The Third Conclusion of Law in the Adjudication was as follows: "The conveyances of December 2, 1940 and December 19, 1940 by and between Robert N. Morris and Louise Evert Morris and Helen B. Kondas, which resulted in the creation of certain entirety estates in the premises described in the Bill of Complaint, were made with valuable consideration issuing from both Louise Evert Morris and Robert N. Morris and were not vitiated by fraud."

The Fourth Conclusion of Law in the Adjudication was that "The Bill of Complaint should be dismissed."

The findings of fact of the Chancellor are abundantly supported by the evidence and the Conclusions of Law are sound.

The Decree of the court below is affirmed at the cost of the appellants.