371 A.2d 1378

**Margaret PATTERSON, Executrix of the Estate of John Patterson, Deceased**

v.

**Wallace HOPKINS, an Individual, Appellant, et al.**

Superior Court of Pennsylvania.

Argued April 12, 1976.

Decided March 31, 1977.

164

William M. Baily, Waynesburg, with him Thompson & Baily, Waynesburg, for appellants.

Russell J. Ober, Jr., Pittsburgh, with him William Peter Chapas, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On May 26, 1969, appellant Wallace Hopkins pleaded guilty to voluntary manslaughter in the shooting death of John Patterson. Appellee Margaret Patterson, executrix of John Patterson's estate, filed survival and wrongful death actions against appellant, and, on April 10, 1973, judgment was entered on a verdict of $43,500.00 in her favor. Following the entry of judgment, appellee began execution proceedings against appellant. Between May 3, 1974, the date of filing of the first writ of execution, and November 17, 1975, the date of the order from which this appeal arises, appellee attempted to execute on an International dump truck, a covered wagon trailer, two boats, a boat trailer, a tarpaulin boat cover, a savings account with the First National Bank of Carmichaels, a checking account with the same bank, and a 1973 Mercedes Benz automobile.[1] Appellant opposed the attempts at execution on the ground, *inter alia,* that the properties were held in a tenancy by the entireties, and were therefore immune to creditors of the appellant alone. In the appealed order, the lower court held that the tenancy by the entireties could not protect the property from appellant's creditors.

1. Appellee also attempted to execute on three other items of personalty. However, these attempts were abandoned when the items proved to belong to persons other than appellant.

Unfortunately, a detailed chronology of the events in this case is necessary to a clear appreciation of the issues. On July 2 and July 18, 1974, the Sheriff of Greene County levied on all of the above items except the bank accounts and the automobile. On August 1, 1974, Anna Hopkins, wife of the appellant, filed property claims for the levied property, alleging that it was immune from execution because held by the entireties. The next day, appellant filed a Petition to Set Aside Execution setting up the same defense. On December 18, 1974, a hearing was held to determine the true state of ownership of the property. For the hearing, appellant had been ordered to produce all of the documents of title for the levied property. However, in addition to the documents of title requested, appellant produced the title certificate for a Mercedes Benz automobile. The testimony also uncovered the existence of a checking account owned in the entireties by appellant and his wife. Therefore, at 3:10 p. m. on the same day, appellee filed a writ of execution for the checking account and for a savings account at the same bank.

On February 28, 1975, Anna Hopkins filed property claims for the bank accounts, alleging that they were entireties property, and on March 11, 1975, appellant filed a Petition to Set Aside Execution, again alleging the same defense. On April 1, 1975, the lower court issued its first order and opinion covering both of the July levies, the December levy on the bank accounts, and, inexplicably, the as yet unlevied upon Mercedes Benz automobile.[2] The court decided that the property was subject to execution by creditors because the transfer to the entireties had been in fraud of creditors.

On April 9, 1975, appellant filed exceptions to the lower court's order, raising four issues. Appellant contended that (1) the automobile was never levied upon and therefore was not subject to execution, (2) a hearing had never been held on the ownership of the bank accounts and therefore the

2. The lower court's April 1, 1975 opinion states that the sheriff had levied on the automobile. However, no writ of execution for the automobile had been issued. Furthermore, the court's November 17, 1975 opinion acknowledges that no levy was made.

lower court had erred in including them in the order, (3) the property was not transferred in fraud of creditors, and (4) the property was held by the entireties and not subject to appellant's creditors.

On April 14, 1975, appellee filed a writ of execution for the Mercedes Benz. This writ was never served on appellant.[3] On November 17, 1975, the lower court filed an order and opinion disposing of appellant's exceptions and holding that all of the assets were subject to execution by appellee. As might be imagined, appellant has filed a brief with this court raising many interesting issues.

First, however, we must confront appellee's motion to quash the appeal. Appellee contends that the appeal should be quashed because appellant does not have standing to raise the rights of a third party, *i. e.,* his wife. Appellee argues that the proper party to prosecute an appeal in a sheriff's interpleader action is the claimant, citing *Book v. Day,* 189 Pa. 44, 41 A. 998 (1899), and Section 10 of the Sheriff's Interpleader statutes, Act of June 22, 1931, P.L. 883, § 10 (12 P.S. § 2367), *as amended.*

Under the Pennsylvania Rules of Civil Procedure as presently constituted, there are at least two ways to attack an execution proceeding. One method is to file property claims with the sheriff pursuant to Pa.R.C.P. Nos. 3201–16.[4] Briefly, under this procedure a third person owning personal property levied upon pursuant to a writ of execution may file written property claims with the sheriff. Upon the filing of a claim, it is the sheriff's duty to send notice to interested parties, appraise the property, and determine whether the claimant is the prima facie owner of the property. If the sheriff determines that the claimant is the prima facie owner, any execution creditor or defendant may file

3. Appellee's brief states that a levy was made upon the automobile. However, the sheriff's return of service states that no levy was made, as does the lower court's final opinion.

4. Most of the statutes pertaining to Sheriff's Interpleader, Act of June 22, 1931, P.L. 883, § 1 (12 P.S. § 2358) *et seq.,* were suspended in 1965 by Pa.R.C.P. No. 3246. The statutory procedure was replaced by the procedures provided in Pa.R.C.P. Nos. 3201–16.

objections. If the sheriff determines that the claimant is not the prima facie owner, the *claimant* may file objections. The filing of objections brings the interpleader to issue, at which time the case is tried before a judge sitting without a jury.

A second method of attacking an execution proceeding is to file a petition to set aside the writ, service, or levy, pursuant to Pa.R.C.P. No. 3121(d). Under that rule, a court may set aside a writ, service, or levy

"(1) for a defect therein;

(2) upon a showing of exemption or immunity of property from execution, or

(3) upon any other legal or equitable ground therefor."

In this case, appellant filed petitions to have the executions set aside pursuant to Pa.R.C.P. No. 3121(d)(2) and Anna Hopkins filed property claims for all of the levied upon properties. However, the sheriff never made an appraisal or a determination, no objections were ever filed, and neither party ever brought the defects in the interpleader procedure to the lower court's attention. It is clear that both parties to this action and the lower court were proceeding pursuant to Pa.R.C.P. No. 3121. The first time questions of interpleader procedure were raised was in the appellee's motion to quash. Thus, whether a defendant in execution may appeal a decision adverse to a claimant in a sheriff's interpleader action is not now properly before us.

■ It is unclear from appellee's brief whether he would also argue that appellant lacks standing to appeal from the lower court's disposition of the petition to set aside execution. However, appellant is a member of the tenancy by the entireties, and, as such, he would have standing to assert the immunity of entireties property. Thus, the position is without merit. The motion to quash is denied.

## MERCEDES BENZ

■ Appellant contends that the sheriff never levied upon the Mercedes Benz automobile, precluding it from being

subject to execution. Appellee argues that appellant has waived the issue because he failed to file a petition to have the execution set aside pursuant to Pa.R.C.P. No. 3121.

Under the heading "Enforcement of Money Judgments for the Payment of Money," Pa.R.C.P. No. 3102 provides: "Except as provided in Rule 3250,[5] a judgment shall be enforced by a writ of execution . . . ." Pa.R.C.P. No. 3108(a) provides: "Service of the writ shall be made by the sheriff in the case of (a) tangible personal property by levy thereon . . . ." Therefore, in order to obtain property for execution sale on a money judgment, a plaintiff must file a writ of execution and the writ must be served by the sheriff. In the case of tangible personal property in the possession of the judgment debtor, the sheriff must levy upon the property. This procedure was not followed in this case.

Furthermore, it is clear that appellant has not waived the right to assert these defects. Appellant could not have been aware that the automobile was in jeopardy until the lower court filed its opinion on April 1, 1975. At that time, no writ had issued and no service or levy had been made. There was no writ, service, or levy to set aside. Yet the opinion of the lower court included the automobile in the execution order. This was error and appellant properly preserved the error by filing a written exception. Therefore, that portion of the lower court's order subjecting the Mercedes Benz to execution must be reversed.

## BANK ACCOUNTS

Appellant contends that the lower court erred in including the bank accounts in its order because appellant was not given a hearing on those items. The writ of execution for the bank accounts was not issued until the day of December 18 hearing. The petition to set aside execution was filed on March 11, 1975, and the lower court, without holding a

---

5. Pa.R.C.P. No. 3250 abolishes civil arrest as a remedy except in actions for fines and penalties or as punishment for contempt.

hearing on the petition, held that the accounts were subject to execution.

In a system centered around the judicial resolution of disputes, the right to execution must occupy a cherished position. The right to execution is protected by statute, by the federal and state constitutions, and by rule of court. *See generally* 7 *Standard Pennsylvania Practice, Execution* (1961). While our courts are empowered, indeed, are under a duty to protect against unjust attempts at execution, *Wilner v. Croyle,* 214 Pa.Super. 91, 252 A.2d 387 (1969), we must be careful to prevent overly technical interferences with the execution process and a resultant elevation of form over substance.

At the December 18 hearing, the checking account was discussed and testimony was adduced to the effect that the funds for that account came solely from appellant's salary. Appellant testified that the account was owned by the entireties. The petition to set aside execution filed by appellant argued that the assets of both accounts were immune from execution. In light of appellant's testimony concerning the source of funds for the account, in light of the arguments in his memorandum filed with the lower court, and in light of the arguments in his brief filed with this court, it is clear that appellant was relying on the defense that entireties property is immune from creditors of one of the tenants. The lower court, in making its decision, assumed that the checking account was owned by the entireties, and gave full consideration to that line of defense.

Furthermore, at the December 18 hearing, appellant testified that all of the levied upon properties had been purchased with funds from the checking account. Therefore, if appellant was capable of producing evidence of the immunity of the funds in the checking account, it would have been incumbent on him to have done so at the December 18 hearing. Thus, the lower court did not err in disposing of the petition with respect to the checking account without a hearing.

The savings account, however, is in a different position. There was no evidence adduced at the December 18 hearing, and there is no evidence of record in this case of the ownership of the assets in the savings account. There is no evidence that appellant was the sole contributor of funds to the account. Furthermore, appellant, unaware that the savings account was at all involved in the December 18 hearing, would not have been prepared to defend an execution action against it. Therefore, the lower court erred in including the savings account in its adjudication. This case must be remanded in part for a hearing on the petition to set aside the execution on the savings account.

## ENTIRETIES DEFENSE

Appellant contends that the levy on the checking account, dump truck, covered wagon trailer, two boats, boat trailer, and tarpaulin must be set aside because title to these objects was held by the entireties. Appellee contends that the tenancy does not protect the property because it was created in fraud of creditors.[6]

With respect to execution sales, it is well settled that Pennsylvania subscribes to the majority view which regards entireties property as unavailable to creditors of one of the tenants. *Sterrett v. Sterrett,* 401 Pa. 583, 166 A.2d 1 (1960); *American Oil Co. v. Falconer,* 136 Pa.Super. 598, 8 A.2d 418 (1939); *Annot.,* 75 A.L.R.2d 1172 (1961). However, this rule of law is not immutable. Where a husband or wife conveys his or her individual property to a tenancy by the entireties in fraud of creditors, the defrauded creditors may execute on the property so transferred. *First National Bank v. Hoffines,* 429 Pa. 109, 239 A.2d 458 (1968); *Cole-Knox Mortgage Co. v. McGaffin,* 182 Pa.Super. 610, 127 A.2d 679 (1956); *Simon v. Sorrentino,* 145 Pa.Super. 364, 20 A.2d 805 (1941). Where the fraudulent conveyance is alleged to

---

**6.** "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration." Act of May 21, 1921, P.L. 1045, No. 379, § 4 (39 P.S. § 354).

have occurred under Section 4 of the Uniform Fraudulent Conveyances Act, note 6 *supra,* and the creditor establishes that the grantor was in debt at the time of the conveyance, the burden of proving the solvency of the grantor or consideration for the conveyance is on the grantees. *First National Bank v. Hoffines, supra; Cole-Knox Mortgage Co. v. McGaffin, supra.*

In this case, the lower court found as a fact that the conveyances were fraudulent, and, specifically, that appellant was rendered insolvent by each conveyance. Certainly, appellant and his wife have not met their burden to prove that appellant was solvent after the conveyances. Therefore, the lower court's finding is supported by the record and we may not disturb it. Because the tenancy by the entireties was created in fraud of creditors, the lower court correctly concluded that the property was not immune to execution for appellant's creditors.

The order of the lower court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

CERCONE and SPAETH, JJ., concur in this result.