421 A.2d 422

**Judith A. BALES, Appellant,**

v.

**Samuel BALES, individually and Samuel Bales and Arlene Bales, his wife.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed July 25, 1980.

---

Arnold M. Epstein, Pittsburgh, for appellant.

John L. Bailey, Pittsburgh, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an action in equity. The lower court sitting en banc dismissed exceptions to the chancellor's decree *nisi* and denied the plaintiff, who is appellant here, any relief. The complaint is that a transfer by appellee should be declared in fraud of creditors, and that appellee should be required to pay arrearages allegedly due under a separation agreement.

Appellant and appellee were married on July 19, 1959. They had three children. On June 17, 1976, they entered into a separation agreement by which appellee agreed to pay $210.00 per week for the support of the parties' three children. On October 6, 1976, the parties were divorced. Shortly after the divorce, appellee began to accrue arrearages on his support obligation. Appellant petitioned the lower court for support, and on February 28, 1977, the court ordered appellee to pay $600.00 per month for the support of the children. Appellant then brought an action in equity for the specific enforcement of the separation agreement. On March 28, 1977, the lower court vacated its order of February 28, 1977; ordered that appellee pay $210 per week for the support of the parties' three children, and that the separation agreement be specifically enforced; determined that appellee's arrearages on his support obligation under

the agreement amounted to $1,935.00; and entered judgment against appellee in that amount. On April 29, 1977, appellee paid the judgment.

In August 1977 appellee married his present wife, Arlene Bales. Before their marriage they had agreed to place their individual property in joint names. After their marriage, in fulfillment of this agreement, appellee transferred 80% of his sole shareholder interest in Samuel Bales, Inc., to Arlene Bales and himself as tenants by the entireties and 10% to each of his two sons by his prior marriage, and Arlene Bales transferred her house and lot to appellee and herself as tenants by the entireties.

On January 30, 1978, appellant filed the complaint on which the present action is based. The complaint alleges that by virtue of the lower court's order of March 28, 1977, appellee is obliged to pay $210 per week for the support of the parties' three children; that as of August 1977, when appellee married Arlene Bales, appellee was in arrears on his support obligation; and that appellee's transfer of his interest in Samuel Bales, Inc., to Arlene Bales and himself as tenants by the entireties was in fraud of creditors in that appellee was insolvent at the time of the transfer, or was rendered insolvent by it, and also in that the transfer was without fair consideration.

On September 20, 1978, after hearing testimony, the chancellor filed his decree *nisi*, accompanied by an opinion. The chancellor refused to set aside appellee's transfer of his interest in Samuel Bales, Inc., finding that the transfer had been for fair consideration, namely, appellee's new wife's property, and did not render appellee insolvent, and also, that appellee had no actual intent to defraud appellant. The chancellor also refused to order appellee to pay any support under the separation agreement, stating that "the agreement is not fair and the Court will not enforce it." Record at 110a. The chancellor concluded his opinion by referring to the order of February 28, 1977, stating that that order had "decided ... that $600.00 a month was adequate support and appropriate in light of [appellee's] income. There is nothing to indicate that circumstances have changed since

that award." Record at 111a. On April 20, 1979, the court en banc entered an order, unaccompanied by an opinion, dismissing appellant's exceptions and making the decree *nisi* final.

We have no difficulty in affirming the lower court's refusal to declare that appellee's conveyance was fraudulent. Section 4 of the Uniform Fraudulent Conveyance Act, Act of May 21, 1921, P.L. 1045, No. 379, 39 P.S. § 354 (Purdon's 1954), states:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration.

Section 7 of the Act, 39 P.S. § 357, states:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

The chancellor's findings that appellee's conveyance was made for fair consideration, did not render him insolvent,[1] and was not made with the intent to defraud appellant have adequate support in the record. We are therefore bound by them. *Barbet v. Ostovar*, 273 Pa.Super. 256, 417 A.2d 636 (1979); *Bogosian v. Foerderer Tract Committee*, 264 Pa.Super. 84, 399 A.2d 408 (1979).

---

1. Section 2 of the Uniform Fraudulent Conveyance Act, *supra*, 39 P.S. § 352 (Purdon's 1954), defines insolvency as follows:

> (1) A person is insolvent when the present, fair, salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.

The chancellor believed that appellee was solvent after the transfer because the salary and other benefits he received from Samuel Bales, Inc., were sufficient to meet his existing obligations, including child support. The chancellor mistakenly stated at one point in his opinion that appellee had an income of $500 per month; in fact, appellee testified that he took home $333.71 per week. N.T. at 29, August 11, 1978, Hearing. This testimony would appear to be the basis of the chancellor's finding that appellee was solvent after the transfer.

■ The lower court's treatment of appellant's claim under the separation agreement is another matter. As noted above, the chancellor held that the order of February 28, 1977, had "decided" that appellee's support obligation was $600 a month. This holding was error, for it overlooked the fact that the order of February 28, 1977, had been vacated by the order of March 28, 1977, which ordered that the parties' separation agreement be specifically enforced and that under the agreement appellee was to pay $210 per week, plus arrearages, for the support of the parties' three children. Absent any showing that appellee's circumstances had materially and substantially changed since the order of March 28, 1977, the order continued in effect, *see Bell v. Bell*, 228 Pa.Super. 280, 323 A.3d 267 (1974); *Momjian and Perlberger, Pennsylvania Family Law* § 6.6 (1978), and as to the litigated facts, was *res judicata, Bell v. Bell, supra.* The chancellor's finding that "the [separation] agreement was unfair" was therefore inappropriate. The fairness or not of the agreement had already been decided by the order of March 28, 1977. Furthermore, it may be noted that appellee not only did not testify to any change in circumstances but said that his salary had remained the same for the last eight years. N.T. at 30, August 11, 1978, Hearing; nor does it appear that appellee has filed any petition to modify his support obligation.

■ Given the continuing validity of the order of March 28, 1977, the chancellor should have determined what, if anything, appellee owed under that order, instead of denying appellant any relief whatsoever. Appellant testified that appellee owed $5,475.00 up to the date of the hearing, August 11, 1978. Appellee may owe more now than he did on August 11, 1978. We shall therefore remand the case to the lower court with instructions to determine appellee's existing support arrearages, if any, under the separation agreement, and to enter judgment against appellee for that amount. This will be without prejudice to appellee's right to file a petition to modify his support obligation.

That portion of the order of the lower court refusing to set aside appellee's transfer of his interest in Samuel Bales,

Inc., is affirmed; otherwise, the order is reversed and the case is remanded for proceedings consistent with this opinion.