446 A.2d 651

**Eleanore STINNER**

v.

**Donald E. STINNER and Sonja Stinner.**

**Appeal of Sonja STINNER.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1982.

Filed June 4, 1982.

Petition for Allowance of Appeal Denied Sept. 16, 1982.

352

James R. Fiorentino, Bethlehem, for appellant.

Michael P. Shay, Jackson M. Sigmon, Sigmon & Ross, P.C., Bethlehem, for appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in permitting appellee to garnish a joint checking account; and, alternatively, that it erred in ignoring a stipulation concerning the amount in controversy. Because we hold that the garnishment was proper, but that the amount in controversy was only $4,200, we modify the order of the lower court, and, as modified, affirm.

Appellee divorced Donald E. Stinner in 1977. Subsequently, she commenced an action in assumpsit against him to enforce a property settlement agreement and recovered a $8,666.72 judgment on February 5, 1980. This Court affirmed without published opinion. *Stinner v. Stinner*, 296 Pa. Superior Ct. 645, 440 A.2d 1262 (1981). In March of 1981, appellee garnished a checking account held jointly by Mr. Stinner and his second wife, appellant Sonja Stinner. Appellant timely objected to the garnishment, asserting her entireties interest in the account. The sheriff subsequently determined that she was a prima facie owner of the account as tenant by the entireties. Following a hearing on appellee's objection to the sheriff's determination, the lower court permitted appellee to execute against the whole account, holding that the direct deposit of Mr. Stinner's paycheck into the joint account was fraudulent under section 4 of the Uniform Fraudulent Conveyance Act, Act of May 21, 1921, P.L. 1045, No. 379, 39 P.S. § 354. This appeal followed.

"[I]t is well settled that Pennsylvania subscribes to the majority view which regards entireties property as unavailable to creditors of one of the tenants." *Patterson v.*

*Hopkins,* 247 Pa. Superior Ct. 163, 171, 371 A.2d 1378, 1382 (1977). However, when a spouse conveys individual property to a tenancy by the entireties in fraud of creditors, the creditor may nevertheless execute against the property so conveyed. *See, e.g., First National Bank of Marietta v. Hoffines,* 429 Pa. 109, 239 A.2d 458 (1968); *Patterson v. Hopkins, supra* ; 9 Goodrich-Amram 2d §§ 3101:3, 3111(b):4.2 (1976). *See generally* 39 P.S. § 359. "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration." 39 P.S. § 354. A person is insolvent for the purposes of the Uniform Fraudulent Conveyance Act if "the present, fair salable value of his assets is less than the amount that will be required to pay his probable liability on existing debts as they become absolute and matured." *Id.* § 352(1). Under section 4 of the Act, 39 P.S. § 354, when the creditor establishes that the grantor was in debt at the time of a conveyance, the burden shifts to the grantees to establish, by clear and convincing evidence, either that the grantor was then solvent and not rendered insolvent by the conveyance, or that he received fair consideration for the conveyance. *First National Bank of Marietta v. Hoffines, supra,* 429 Pa. at 114, 239 A.2d at 462; *Patterson v. Hopkins, supra* 247 Pa.Super. at 170, 371 A.2d at 1382. "[W]here a husband conveys [property] to his wife or to his wife and himself as tenants by the entireties for a nominal or inadequate consideration, at a time when the husband is insolvent or thereby rendered insolvent, the conveyance is presumptively fraudulent as to the husband's creditors." *First National Bank of Marietta v. Hoffines, supra,* 429 Pa. at 115, 239 A.2d at 463 (citations omitted).

The record reveals the following: Appellant and Mr. Stinner married and opened a joint checking account in 1978. They jointly own a 1973 Cadillac and a $62,000 home that is subject to a mortgage having an outstanding balance of $47,000. Mr. Stinner individually owes approximately $54,-000 to various creditors and nearly $8,700 to appellee. He is

employed by Bethlehem Steel Corporation and receives a net annual salary of $61,338. His paychecks and all bonuses are directly deposited to the joint account. He maintains no investments, owns no valuable paintings, and has no other significant assets. The subject account is used to pay household expenses, Mr. Stinner's loans, and his children's college tuition. Appellant is a full-time homemaker, who has occasionally deposited personal funds in the joint account. Appellant generally maintains the account, writing almost ninety per cent of the checks. In addition to Mr. Stinner's direct deposits and appellant's sporadic deposits, they deposited their joint tax refund check and the proceeds of a $5,000 joint loan in the account. From this evidence, the lower court concluded that Mr. Stinner conveyed his salary into the joint account by direct deposit and that he was insolvent at the time. We are bound by those findings. *See, e.g., Bales v. Bales,* 280 Pa. Superior Ct. 96, 99, 421 A.2d 422, 424 (1980); *Patterson v. Hopkins, supra* 247 Pa.Super. at 172, 371 A.2d at 1383.

■■ Appellant contends that the lower court erred in finding that the conveyances lacked fair consideration. We disagree. Appellant had the burden of establishing, by clear and convincing evidence, that she had given fair consideration. *First National Bank of Marietta v. Hoffines, supra.*

Fair consideration is given for property or obligation:

(a) When, in exchange for such property or obligation, as a fair equivalent therefor and in good faith, property is conveyed or an antecedent debt is satisfied; or

(b) When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared to the value of the property or obligation obtained.

39 P.S. § 353. Appellant's vague testimony concerning her irregular contributions to the joint account was contradicted by Mr. Stinner's testimony that she did not contribute. The deposit slips admitted into evidence afford no basis for an inference that she was the source of the cash deposits. Her belated argument in her brief about the source of the funds is not evidence, and does not cure the inadequacy. *See*

*Marine Bank v. Huhta,* 279 Pa.Superior Ct. 130, 139 n.5, 420 A.2d 1066, 1070 n.5 (1980). Thus, the lower court found that her contributions were minor by comparison to those of Mr. Stinner. *Cf. United States ex rel. Marcus v. Morris,* 360 Pa. 298, 303, 62 A.2d 43, 45 (1948) (when wife provided $22,000 of her own money toward construction of a family home, husband's conveyance of property into entireties estate was supported by fair consideration). We are not free to disregard this finding by the court below. Appellant argues also that her performance of domestic services are adequate consideration for the transfer. However, our Supreme Court rejected such a contention in *First National Bank of Marietta v. Hoffines, supra* 429 Pa. at 116, 239 A.2d at 463. Consequently, because appellant failed to satisfy the heavy burden of proving fair consideration for the conveyance, the lower court properly concluded that the conveyance was fraudulent. Accordingly, appellee could garnish the subject account.\*

 Appellant contends, however, that the lower court erred in ignoring the stipulation that the amount in controversy was only $4,200. We agree. During the hearing the following exchange occurred between counsel and the court:

> [Appellee's counsel]: The [appellee] limits [her] rights to seek a judgment against the defendant on garnishment to the extent of forty-two hundred dollars, which indicates the amount of deposit of money made from the wages of Mr. Stinner.

---

\* Appellant raises three other contentions that we note here and reject. She contends that the conveyance was not fraudulent because it was a payment for necessary household expenses. *See, e.g., Watters v. DeMilio,* 16 Pa.D. & C.2d 747 (C.P. Carbon County 1957); *Welker v. Strohmeyer,* 45 Berks 21 (C.P. Berks County 1952). Assuming, *arguendo,* that *Watters* and *Welker* are accurate statements of the law, appellant's analysis is suspect. First, appellee garnished a bank account containing funds subject to Mr. Stinner's control and not yet disbursed to merchants, mortgagor, or other creditors in payment for family necessities. Second, as the lower court properly found, appellant failed to establish adequately that the funds were actually used for supplying necessities. *See Watters v. DeMilio, supra* at 752–53.

Appellant contends also that the conveyance was supported by fair consideration because Mr. Stinner's salary is "marital property" under the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, § 101

THE COURT: All right. So stipulated?

[Appellant's counsel]: I have no problem with that. Oral stipulations made in open court and receiving the imprimatur of the judge are binding upon the individual rights of the parties *inter se* and have the same effect as though reduced to writing and executed formally. *Zvonik v. Zvonik*, 291 Pa.Superior Ct. 309, 323, 435 A.2d 1236, 1243 (1981). Absent evidence of fraud or overreaching, appellee's stipulation, concurred in by appellant, should have been accepted by the court below. *Strickler v. Strickler*, 138 Pa.Superior Ct. 34, 36, 10 A.2d 69 (1939) (stipulation as to reduction of amount of alimony should have been accepted). Accordingly, we hereby modify the order of the court below to permit appellee to garnish only $4,200 of the subject account. As modified, the order is affirmed.

So ordered.

McEWEN, J., files a concurring opinion.

McEWEN, Judge, concurring:

I concur in the result. I do so even though I find it most difficult to accept the determination that the regular routine

et seq., 23 P.S. § 101 et seq. We disagree. One of the purposes of the Divorce Code was to achieve economic justice for divorcing spouses *inter se*. See 23 P.S. § 102(a)(6), (b). The Divorce Code was not intended to affect the rights of third parties to the marriage. Surely, the legislature did not intend spouses to use the Divorce Code as a vehicle to perpetrate a fraud upon a stranger to the marriage. See 1 Pa.C.S.A. § 1922(1) (legislature presumptively does not intend absurd result). Consequently, the mere fact that the Divorce Code may provide appellant with an opportunity to share equitably in the fruits of her husband's labor upon the dissolution of their marriage simply does not alter appellee's right to execute against the joint checking account.

Appellant argues also that appellee should not be permitted to execute against the account because it would be an indirect garnishment of Mr. Stinner's wages in violation of 42 Pa.C.S.A. § 8127(a). That claim is patently frivolous because the statutory ban against garnishment of wages applies only "while [the wages are] in the hands of the employer." *Id.* When appellee effectuated the garnishment, the funds were no longer in the employer's hands; rather, they were in a bank account subject to Mr. Stinner's control. The garnishment was thus one step removed from the statute's protection.

deposit of salary and bonuses by a husband, into a household checking account owned by himself and his wife as tenants by the entireties, is a conveyance of individual property in fraud of creditors—even where, as here, the creditor is a predecessor tenant of one of the tenant owners of the entireties account. The majority opinion of our colleague, the venerable Judge J. Sydney Hoffman, provides the following recitation of the pertinent facts:

> The record reveals the following:
>
> Appellant and Mr. Stinner married and opened a joint checking account in 1978. They jointly own a 1973 Cadillac and a $62,000 home that is subject to a mortgage having an outstanding balance of $47,000. Mr. Stinner individually owes approximately $54,000 to various creditors and nearly $8,700 to appellee. He is employed by Bethlehem Steel Corporation and receives a net annual salary of $61,338. His paychecks and all bonuses are directly deposited to the joint account. He maintains no investments, owns no valuable paintings, and has no other significant assets. The subject account is used to pay household expenses, Mr. Stinner's loans, and his children's college tuition. Appellant is a full-time homemaker, who has occasionally deposited personal funds in the joint account. Appellant generally maintains the account, writing almost ninety per cent of the checks. In addition to Mr. Stinner's direct deposits and appellant's sporadic deposits, they deposited their joint tax refund check and the proceeds of a $5,000 joint loan in the account. From this evidence, the lower court concluded that Mr. Stinner conveyed his salary into the joint account by direct deposit and that he was insolvent at the time. We are bound by those findings.

These facts do not portray a conveyance in fraud of creditors. In fact, it would be difficult to invent a more compelling factual basis for a decision that this entireties account should be unavailable to any creditor of either tenant.

Our eminent colleague Judge Gwilym A. Price, in his very careful and deliberate opinion in *Patterson v. Hopkins*, 247 Pa.Super. 163, 371 A.2d 1378 (1977), addressed this very issue of the garnishment of a checking account funded by the salary of the debtor-tenant. That decision is controlling and it is for that reason that I concur.

I deem it further advisable to express my view with regard to that portion of the opinion of the majority that restricts the garnishment by appellee of the subject account to the sum of $4,200. I join in the view of the majority opinion that the oral stipulation in open court that had received the imprimatur of the trial judge binds the parties and restricts the judge to a finding that is consistent with the stipulation. I wish to emphasize that the garnishment should be restricted to the sum of $4,200 for a further reason, namely, the said sum is the amount of the particular salary payment of the debtor-tenant. Our courts must provide careful scrutiny of the facts and employ extreme care when permitting entireties property to be available for execution to creditors of one of the tenants and, in this instance, the garnishment is limited to but a portion of the garnished account.

I concur in the result.