611 A.2d 1239

**GARDEN STATE STANDARDBRED
SALES CO., INC., Appellant,**

v.

**Clarence (Herb) SEESE, Clarence I. Seese and Leah M.
Seese, his Wife, as Tenants by Entireties, Appellees.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1992.

Filed June 24, 1992.

16

Nicholas D. Krawec, Pittsburgh, for appellant.

Jay D. Marinstein, Pittsburgh, for appellees.

Before DEL SOLE, TAMILIA and HESTER, JJ.

DEL SOLE, Judge:

Appellant, Garden State Standardbred Sales Company, Inc., obtained an arbitration award against Appellee, Clarence Seese. Judgment was entered in the Superior Court of New Jersey and thereafter filed in Pennsylvania pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. § 4306. Subsequently, Appellant took the deposition of Clarence Seese in the offices of Appellant's counsel, and garnishment proceedings were commenced by filing interrogatories on Clarence I. Seese and Leah M. Seese, his wife, as tenants by the entireties, and garnishees. Mr. and Mrs. Seese filed preliminary objections claiming that as tenants by the entireties they were immune from garnishment, and that under Rules 3144 and 3253, Pa.R.C.P., 42 Pa.C.S., Appellant's interrogatories were improper. The Honorable Judith Friedman, Court of Common Pleas, Allegheny County, granted the Appellees' preliminary objections, finding that a tenancy by the entireties can not be garnished, that garnishment proceedings were improperly used to invalidate the conveyance of individually owned property into an entireties account, and that an action in equity under Section 4 of the Fraudulent Conveyance Act was the proper procedure to follow to invalidate the allegedly fraudulent conveyance. This appeal followed.

First, Appellant claims that the Seeses were proper garnishees under Rule 3101(b), Pa.R.C.P., 42 Pa.C.S. which states:

**Rule 3101. Definitions. Garnishee**

(b) Any person may be a garnishee and shall be deemed to have possession of property of the defendant if he

(1) owes a debt to the defendant;

(2) has property of the defendant in his custody, possession or control;

However, the defendant, Clarence Seese, is one of the owners of the tenancy, and he cannot owe a debt to himself, nor can he be garnishee of his own property which he possesses and controls. Garnishment is a "proceeding through which a creditor collects his debt out of property of the debtor in the hands of a third party," *Triffin v. Interstate Printing Co., Inc.*, 357 Pa.Super. 240, 244 n. 4, 515 A.2d 956, 958 n. 4 (1986), and may be used to determine whether the garnishee owes a debt to the judgment debtor, or has property of the judgment debtor. *Wheatcroft v. Smith*, 239 Pa.Super. 27, 362 A.2d 416, 419 (1976). In the instant case, Mr. Seese holds an undivided interest in entireties property, and therefore in garnishing entireties property, Appellant attempts to garnish the defendant himself rather than garnishing a third party who possesses the property of the defendant.

Lastly, a tenancy by the entireties is not a person as defined by Rule 76, Pa.R.C.P., 42 Pa.C.S., and only persons may be garnishees according to Rule 3101. Persons are defined to include a corporation, partnership and association, as well as a natural person, and a tenancy by the entireties is none of these. Therefore, for all these reasons, the garnishment of Clarence Seese and his wife Leah Seese, as tenants by the entireties, was improper, and preliminary objections were correctly granted.

If Appellant is seeking to identify entireties property held by a third party, then the proper procedure is to take testimony pursuant to Rule 3117, Pa.R.C.P., 42 Pa.C.S., *Discovery in Aid of Execution*. This procedure may be used to subpoena the defendant or a garnishee in order to ascertain the assets of the defendant and their location. Then, in the case of a joint bank account held by the defendant as tenant in the entireties, the bank in which the account is located is the proper garnishee.

■ Next, Appellant argues, citing *Patterson v. Hopkins,* 247 Pa.Super. 163, 371 A.2d 1378 (1977), that a garnishment proceeding may be used to determine whether a fraudulent conveyance by the judgment debtor occurred, and that Interrogatories to Garnishee, Rule 3144, Pa.R.C.P., 42 Pa.C.S.A., may be used to ascertain whether Mr. Seese transferred property into an entireties account in fraud of his creditor.

In *Patterson,* the judgment creditor executed on property held by the debtor and his wife as tenants in the entireties. The debtor and his wife objected to the execution and levy, claiming the property was immune from execution because it was held by the entireties. A hearing was held to determine the true state of ownership of the entireties properties, and although there had been no garnishment of the checking accounts at the time of the hearing, the checking account was discussed and testimony was adduced concerning the origins of the funds in the checking account. The trial court held that the conveyances were fraudulent and the assets held as tenancies by the entireties were not immune to execution. In affirming in part and reversing in part, we held that the hearing held by the trial court, in which it was determined that certain conveyances into the checking accounts were fraudulent, was procedurally proper. However, where there was no evidence adduced at the hearing concerning the ownership of the savings account and the origin of the funds in that account, and the debtor did not realize that the savings account was subject to execution and therefore did not raise any defense to that execution, the trial court erred in including the savings account in its adjudication.

The trial court, relying on *Corbett v. Hunter,* 292 Pa.Super. 123, 436 A.2d 1036 (1981), held that Appellant must commence a separate, equitable action requesting that a court order the tenants by the entireties to reconvey the alleged fraudulent conveyances into the name of Clarence I. Seese alone, if Appellant wants to reach those assets in satisfaction of the debt. Once such action is taken it may

be determined whether fraudulent conveyances took place. This was the procedure followed in *Corbett,* and we hold that because of our supreme court's holding in *Greater Valley Terminal Corporation v. Goodman,* 415 Pa. 1, 202 A.2d 89 (1964), the procedure followed in *Corbett* is required.

*Greater Valley* concerned the question of whether an alleged fraudulent transfer of property may be set aside in supplementary proceedings in aid of execution, Rule 3118, Pa.R.C.P., 42 Pa.C.S. The court held that although each state which has adopted the Uniform Fraudulent Conveyance is free to devise its own enforcement procedures within constitutional limits, *Schline v. Kine,* 301 Pa. 586, 591, 152 A. 845, 846 (1930), these supplementary proceedings may not be used to adjudicate conflicting rights or claims made in good faith to property in the possession of third persons, because it deprives defendants in such actions of the protection afforded by the safeguards of a full hearing.

The *Greater Valley* court went on to hold that the issue of rights to property in the hands of third persons sought to be executed against is properly adjudicated in proceedings in which a defendant's rights are fully protected. The procedures recommended were those in place at the time in the Sheriff's Interpleader Act, in the trial courts sitting as a courts in equity, in garnishment proceedings in which there was a right to trial by jury or in an action in ejectment. In general, the *Greater Valley* court held that the defendant's rights must be protected by a "full plenary proceeding and the attendant safeguards thereof," *Id.,* 301 Pa. at 7, 152 A. 845.

We are persuaded by the reasoning of *Gulf Mortgage and Realty Investments v. Alten,* 286 Pa.Super. 253, 428 A.2d 978 (1981) (Opinion per Hester, J., Spaeth, J. and Cavanaugh, J. concurring in the result), in which the Honorable John P. Hester stated that in a suit to set aside an alleged fraudulent conveyance, the burden of proof is on the moving party, and the ultimate issue, whether the

transfer in question is fraudulent is an issue of fact for the jury. Judge Hester reasoned that if there is no pre-execution or pre-attachment judicial determination or finding that there had been a fraudulent conveyance, then the entirely ministerial attachment/garnishment procedure will serve to allow a creditor to attach the bank account of another person by the mere allegation of a fraudulent conveyance, without the creditor having to meet the requisite burden proof or persuasion before a jury.

Given this reasoning and the supreme court's holding in *Greater Valley,* which was evidently designed to afford defendants clear procedural safeguards in claims in which a fraudulent conveyance is alleged, we must conclude that the trial court was correct in ruling that the use of the garnishment proceeding was improper. This proceeding, then, can not be used as a substitute for the institution of an equitable action in which the conflicting rights of the parties in the contested property may be adjudicated prior to the institution of execution proceedings and the service of the writ upon the garnishee which automatically results in the attachment of the property. Rule 3111(b), Pa.R.C.P., 42 Pa.C.S.

We are also constrained to agree with the trial court that in the instant case, because of precedent in our supreme court and in this court, a conveyance to an entireties account may be set aside by Section 4 of the Fraudulent Conveyance Act, 39 Pa.S. § 354. *First National Bank of Marietta v. Hoffines,* 429 Pa. 109, 239 A.2d 458 (1968); *Stinner v. Stinner,* 300 Pa.Super. 351, 446 A.2d 651 (1982); *Patterson v. Hopkins,* 247 Pa.Super. 163, 371 A.2d 1378 (1977); *Corbett v. Hunter,* 292 Pa.Super. 123, 436 A.2d 1036 (1981).

This section provides:

### § 354. Conveyances by insolvent

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, *without regard to his actu-*

*al intent,* if the conveyance is made or the obligation is incurred without a fair consideration. (emphasis added)

 Under this section, if a creditor establishes that the grantor was in debt at the time of a conveyance, and the conveyance was made for inadequate or nominal consideration, then the conveyance is presumptively fraudulent as to the debtor's creditors. The burden then shifts to the defendant to establish by clear and convincing evidence, either that the debtor was solvent at the time of the conveyance and was not rendered insolvent by the conveyance, or that the debtor received fair consideration for the conveyance. *Speiser v. Schmidt,* 387 Pa.Super. 30, 563 A.2d 927, 931 (1989); *Stinner v. Stinner, supra,* 300 Pa.Super. at 352, 446 A.2d at 652 (1982); *First National Bank of Marietta v. Hoffines, supra,* 429 Pa. at 115, 239 A.2d at 463 (1968). Where reliance is placed on this section of the Fraudulent Conveyance Act, proof of intent to defraud is not required. *Hoffines, supra,* 429 Pa. at 115, 239 A.2d at 463; *Farmers Trust Co. of Lancaster v. Bevis,* 331 Pa. 89, 91, 200 A. 54 (1938).

However, under § 7 of the Fraudulent Conveyance Act, 39 Pa.S. § 357, the plaintiff must adequately establish the fraudulent intent of the conveying debtor. *Leopold v. Tuttle,* 378 Pa.Super. 466, 549 A.2d 151 (1988). This section provides:

§ 357. **Conveyance made with intent to defraud**

Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

This section of the Act does not require that the debtor make himself insolvent or execution proof, only that the debtor convey with intent to hinder, delay or defraud creditors. "Since fraud is usually denied, it must be inferred from all facts and circumstances surrounding the conveyance, including subsequent conduct." *Godina v. Oswald,* 206 Pa.Super. 51, 55, 211 A.2d 91 (1965).

It is well settled that Pennsylvania subscribes to the majority view which holds that entireties property is unavailable to satisfy the claims of the creditor of only one of the tenants. *Patwardhan v. Brabant,* 294 Pa.Super. 129, 132, 439 A.2d 784 (1982). However, when a spouse conveys individual property to a tenancy by the entireties in fraud of creditors, the creditor may nevertheless execute against the property so conveyed. *Id., Stinner, supra,* 300 Pa.Superior Ct. at 352, 446 A.2d at 652.

While we agree that any property conveyed into entireties property in fraud of creditors is not immune from execution, we invite the General Assembly to adopt the view that the presumption of a fraudulent conveyance which results from a conveyance when the debtor is insolvent or rendered insolvent (§ 354) should be inapplicable when the conveyance results in the creation of entireties property, and that in such cases the plaintiff should be required to prove fraudulent intent under section 357. We ask the General Assembly to do so because the application of section 4 of the Fraudulent Conveyance Act has resulted in holdings which are contrary to public policy and to the intent of the Fraudulent Conveyance Act, that is to invalidate conveyances made in fraud of creditors. For example, in *Stinner, supra,* it was held that the regular and routine deposit of a debtor/husband's salary and bonuses into an account held by husband and wife as tenants by the entireties was a fraudulent conveyance, and proof that the funds in a joint checking account were deposits of debtor/husband's salary meant that the deposits were in defraud of creditors because there was no fair consideration for the conveyance, and therefore, the checking account, held by the entireties, was available to satisfy the judgment against the debtor/husband. *Patterson v. Hopkins,* 247 Pa.Super. 163, 168, 371 A.2d 1378 (1977).

As Judge McEwen noted, in *Stinner, supra,* 300 Pa.Superior Ct. at 358, 446 A.2d at 655 (McEwen, J., concurring), he was compelled to concur in the result because of the precedent set in *Patterson, supra,* however he stated, "These

facts do not portray a conveyance in fraud of creditors. In fact, it would be difficult to invent a more compelling factual basis for a decision that this entireties account should be unavailable to any creditor of either tenant." As we stated in *Corbett v. Hunter, supra,* 292 Pa.Super. at 127, 436 A.2d 1036, "What the [c]ourt is dealing with in a fraudulent conveyance contest is the reality of the situation," and the reality is that the factors of a insolvency and indebtedness at the time of a conveyance without consideration, "are considered as showing actual intent to defraud." *Godina v. Oswald,* 206 Pa.Super. at 56, 211 A.2d 91.

When a conveyance occurs, satisfying the statutory requirements of § 4, but otherwise showing that there was no intent to defraud one of the tenant's creditors, then property held in the entireties should not be available for execution to creditors of one of the tenants. Otherwise, every indebted spouse who is part of a household, who is the sole income-earner, and who regularly and routinely deposits income into a joint account used to pay household expenses is potentially making a fraudulent conveyance. If we also hold that such deposits lack fair consideration, as we did in *Stinner, supra,* 300 Pa.Superior Ct. 351, 446 A.2d at 651, n. 1., and *Patterson, supra,* then, contrary to public policy, we depreciate the role and value of the services rendered by a homemaker whose support may make it possible for the wage-earning spouse to contribute funds to the entireties property. *Estep v. Estep,* 353 Pa.Super. 227, 509 A.2d 419, 422 (1986); *Hutnik v. Hutnik,* 369 Pa.Super. 263, 535 A.2d 151, 153 (1987). "Our courts must provide careful scrutiny of the facts and employ extreme care when permitting entireties property to be available for execution to creditors of one of the tenants." *Stinner, supra,* 300 Pa.Superior Ct. at 358, 446 A.2d at 655, (McEwen, J. concurring).

In furtherance of that goal of extreme care, we believe that when a conveyance is challenged, evidence should be adduced showing that the conveyance was made in fraud of creditors, and that there was an intent to defraud as required under Section 357 of the Fraudulence Conveyance

Act. As stated above, a conveyance which converts property into an estate by the entireties may be invalidated if the plaintiff can adequately establish the fraudulent intent of the conveying debtor as well as the existence of a present or future creditor. *Leopold v. Tuttle, supra,* 378 Pa.Superior Ct. at 471, 549 A.2d at 154.

The change we propose today in this case need not cause concern for the future ability of creditors to invalidate conveyances which are fraudulent. Such instances will be marked by signs of fraudulent intent such as the timely conveyance of property long held in the debtor's name only, *First National Bank of Marietta v. Hoffines, supra,* the conveyance of a considerable portion of the debtor's estate, or of such substantial property as a home, shares of stock, or a partnership interest, (property which is not regularly and frequently transferred), *Baker v. Geist,* 457 Pa. 73, 321 A.2d 634 (1974); *Godina v. Oswald, supra,* the giving of incredible explanations for a conveniently timed transfer, *Canter v. Canter,* 238 Pa.Super. 347, 357 A.2d 659 (1976), or, the lack of proof or inability to trace the proceeds from the conveyance given as "fair" consideration for the conveyance. *Godina v. Oswald, supra.* Even evidence that the conveyance was made when the debtor was insolvent or rendered insolvent, or not made for fair consideration can be evidence of fraudulent intent, but such evidence alone should not render the conveyance per se or presumptively fraudulent, *Taylor v. Kaufhold,* 379 Pa. 191, 108 A.2d 713 (1955).

Therefore, we hold that an estate by the entireties is not a proper garnishee, and that a garnishment action may not be used to invalidate a fraudulent conveyance. Furthermore, because of prior authority, we are constrained to hold that an equitable action under section 4 of the Fraudulent Conveyance Act is proper, although the better course would be to require that the creditor seeking to invalidate a conveyance prove fraudulent intent when property is conveyed to an estate by the entireties as required by section

357. In sum we affirm the trial court's order dismissing Appellant's garnishment action.

Order affirmed.