J-A19042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROCKSTONE CAPITAL, LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| I.D.R. ENTERPRISES, INC., AND IVAN | : | |
| HANTMAN AND ISDANER & COMPANY, | : | |
| L.L.C. | : | No. 1423 EDA 2016 |

Appeal from the Order April 26, 2016
in the Court of Common Pleas of Montgomery County,
Civil Division, No(s):  2007-14013

BEFORE:  BENDER, P.J.E., SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 26, 2017**

Rockstone Capital, LLC, ("Rockstone") appeals from the Order granting in part, and denying in part, its Motion to Enforce Writ of Execution against I.D.R. Enterprises, Inc. ("IDR"), Ivan Hantman ("Hantman"), and Isdaner & Company, LLC ("Isdaner").  We affirm.

Hantman is a certified public accountant, and has been a member of Isdaner, a certified accounting firm, since 2005.  In 2011, a Judgment was entered in favor of Rockstone and against Hantman for $218,552.54.[1]  In December 2011, Rockstone filed a Writ of Execution against Isdaner as a garnishee, and enjoined Isdaner from delivering or disposing of any of Hantman's property.  Between 2011 and 2012, Hantman incurred expenses

---

[1] In March 2005, IDR borrowed $100,000 from Bank of America, N.A., and Hantman personally guaranteed the loan. After Bank of America assigned the loan to Rockstone, IDR defaulted.

at Green Valley Country Club ("Green Valley"). In 2012, Isdaner paid $21,032.69 to Green Valley, stating that these expenses were business expenses incurred by Hantman for the benefit of Isdaner. Hantman paid his personal expenses at Green Valley. On December 31, 2012, Hantman filed for bankruptcy.

On July 27, 2015, Rockstone filed the Motion to Enforce Writ of Execution, seeking, *inter alia*, a determination that Isdaner violated the Writ of Execution by paying $21,032.69 to Green Valley on Hantman's behalf. The trial court denied this portion of Rockstone's Motion.[2] Rockstone filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Rockstone raises the following questions for our review:

1. Whether the trial court erred in denying [Rockstone's] Motion in part, and ordering that Rockstone's [W]rit of [E]xecution[,] served upon [Isdaner] as garnishee, did not attach as a lien upon certain funds paid by Isdaner to [Green Valley], where, under Pennsylvania law, the [W]rit attached the funds used by Isdaner to pay the judgment debtor[] [Hantman's] debts to Green Valley[?]

2. Whether the trial court erred in denying Rockstone's Motion in part, and ordering that Rockstone's [W]rit of [E]xecution[,] served upon Isdaner[,] did not attach as a lien upon certain funds paid by Isdaner to Green Valley where the public policy of Pennsylvania prohibits a garnishee such as Isdaner from

---

[2] The trial court granted Rockstone's Motion with regard to its claim that Isdaner violated the Writ of Execution by failing to release Hantman's $20,000 minimum capital balance held in Isdaner's capital account. The trial court found that Rockstone was entitled to the funds, but that it would have to wait until the funds were distributed to Hantman. Rockstone did not appeal this portion of the Order.

engaging in conduct it knows or should know will facilitate the judgment debtor in attempts to avoid the lawful garnishment of its assets[?]

Brief for Appellant at 3.

It is well-settled that "ultimate control of the execution process rests with the trial court." *Scampone v. Grane Healthcare Co.*, 2017 PA Super 257, *23 (Pa. Super. 2017). "Since execution lies within the court's equitable powers, … the court's decision to deny or grant an execution will not be overruled absent an abuse of discretion." *Id.* (citations omitted). Further, while the trial court's conclusions of law are subject to plenary review, we are bound by the trial court's findings of fact. *Casey v. GAF Corp.*, 828 A.2d 362, 367 (Pa. Super. 2003); *see also id.* (noting that a motion to enforce is subject to plenary review).

We will address Rockstone's claims together, as they are related. Rockstone contends that the trial court erred in finding that the Writ did not attach to the funds paid to Green Valley by Isdaner. Brief for Appellant at 8, 12. Rockstone argues that "upon service of the Writ on Isdaner, a judicial lien arose in favor of Rockstone on all property of Hantman in the possession of Isdaner[.]" *Id.* at 8. Rockstone asserts that under the operating agreement between Isdaner and Hantman, Isdaner was obligated to reimburse Hantman for any expenses related to Isdaner's business, which included the debts incurred at Green Valley. *Id.* at 9-10; *see also id.* at 10, 12 (claiming that Isdaner's payments attached regardless of the fact that the

payments were incurred as a business expense). Rockstone argues that the debt in question was Hantman's debt as the Green Valley invoices were addressed to Hantman, a member of the club, and that Green Valley would have no recourse against Isdaner for failure to pay the charges. *Id.* at 12. Rockstone claims that Isdaner was prohibited from paying Hantman's debts to Green Valley prior to paying his debts to Rockstone. *Id.* at 10-11. Rockstone contends that allowing Isdaner to facilitate Hantman's attempts to avoid garnishment of assets violates public policy. *Id.* at 13-14. To support its arguments, Rockstone relies upon our Supreme Court's decision in *Witco Corp. v. Herzog Brothers Trucking, Inc.*, 863 A.2d 443 (Pa. 2004). Brief for Appellant at 10-11, 13-14.

Garnishment allows a judgment creditor to "collect[] his debt out of property of the [judgment] debtor [which is] in the hands of a third party, and may be used to determine whether the garnishee[3] owes a debt to the judgment debtor, or has property of the judgment debtor." *Garden State Standardbred Sales Co. v. Seese*, 611 A.2d 1239, 1241 (Pa. Super. 1992) (citations and quotation marks omitted, footnote added). A garnishee "is required to exercise a high degree of care in protecting the rights of the

---

[3] "Garnishee" is defined as "[a]ny person may be a garnishee and shall be deemed to have possession of property of the defendant if the person . . . has property of the defendant in his or her custody, possession or control." Pa.R.C.P. 3101(b)(2). Possession is defined as "[t]he fact of having or holding property in one's power; the exercise of dominion over property." *Witco*, 863 A.2d at 446 (citation omitted).

other parties until a legal result has been regularly reached." ***Korman Commercial Prop.'s, Inc. v. Furniture.com***, 81 A.3d 97, 102 (Pa. Super. 2013) (internal quotations and citations omitted).

Here, the trial court set forth the relevant rules and law, addressed Rockstone's claims, and determined that they are without merit. ***See*** Trial Court Opinion, 3/31/17, at 4-8. The trial court found that Isdaner paid Green Valley for business expenses incurred by Isdaner, not Hantman. ***See id.*** at 4, 6, 7; ***see also id.*** at 4, 7 (noting that Rockstone did not refute Isdaner's classification of the expenses).[4] The trial court specifically found that Isdaner used its own funds to pay the debt owed to Green Valley, and there is no evidence that these payments constituted any type of compensation for Hantman, paid or payable. ***See id.*** at 6; ***see also id.*** at 5-6, 7 (wherein the trial court distinguished the holding in ***Witco*** based upon the fact that Isdaner did not possess any of Hantman's property or money when paying the debt at issue in this case to Green Valley). Analogously, the trial court noted that the operating agreement between Isdaner and Hantman was inapplicable to the facts of this case because Isdaner did not reimburse Hantman for business expenses or utilize any of

---

[4] While Rockstone argues that Isdaner admitted to paying for expenses incurred by Hantman, in its Answer and New Matter, Isdaner explicitly stated that "[t]his was not a reimbursement to [] Hantman. It was a payment to [Green Valley]." Answer and New Matter, 9/28/15, at 7. Further, as the trial court noted, Rockstone did not present any evidence to support its proposition that Isdaner possessed Hantman's funds and paid his expenses to Green Valley. ***See*** Trial Court Opinion, 3/31/17, at 6.

Hantman's funds in paying the fees owed to Green Valley. ***See id.*** at 6-7.

Thus, as the competent evidence supports the trial court's findings of fact,

and its legal conclusions are sound, we adopt its thorough reasoning for the

purpose of this appeal. ***See id.*** at 4-8; ***see also Casey***, 828 A.2d at 367.

Order affirmed.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/26/2017*