J-A22042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JP MORGAN CHASE BANK N.A., CHASE HOME FINANCE LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellees | |
| v. | |
| PAUL AND LYDIA COOK, | |
| Appellants | No. 200 MDA 2015 |

Appeal from the Order Entered January 5, 2015
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 2010-11615

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 08, 2015**

Appellants, Paul and Lydia Cook, husband and wife, appeal from the order denying their petition to set aside a sheriff's sale and to strike a judgment.  They allege Appellee, JP Morgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC, failed to prove fraudulent transfer.  They also allege that Appellant Lydia Cook was not properly served with notice of the sheriff's sale.  They fail to develop and support either claim.  Accordingly, both issues are waived.  Moreover, on the merits, we would affirm on the basis of the trial court opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this mortgage foreclosure case. (**See** Trial Court Opinion, 3/20/15, at unnumbered pages 1-2). Therefore, we have no reason to restate them at length here.

For convenience of the reader, we note the most pertinent facts in summary form as follows: Appellant Paul owned the property at issue in his own name, although married to Appellant Lydia, from 1993 until 2011. Monthly payments ceased in December, 2009. In 2011, a month after foreclosure, Appellant Paul transferred the deed to himself and his wife Appellant Lydia, as tenants by the entireties. Appellee claimed the conveyance was fraudulent, as intentionally incurred to hinder, delay or defraud present or future creditors. The trial court agreed. Appellee served notice of the sheriff's sale on Appellant Lydia, in Sanibel, Florida. The trial court found that service on Lydia was legally sufficient. The court denied the petition to set aside the sheriff's sale and to strike the judgment. This timely appeal followed.[1]

Appellants present three questions for our review:

> 1. If the deed was a fraudulent transfer in 2011, was it handled properly by the [c]ourt?

---

[1] Appellants timely filed a statement of errors on February 23, 2015. **See** Pa.R.A.P. 1925(b). The court filed its opinion on March 20, 2015. **See** Pa.R.A.P. 1925(a).

2. If the [d]eed was a fraudulent transfer in 2011, was it handled properly by JP Morgan?

3. Did Lydia Cook, based on the facts presented, receive proper notice?

(Appellants' Brief, at unnumbered page 4).

Rule 3132 of the Pennsylvania Rules of Civil Procedure provides as follows:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

> Equitable considerations govern the trial court's decision to set aside a sheriff's sale. This Court will not reverse the trial court's decision absent an abuse of discretion.
>
> As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence.
>
> An abuse of discretion occurs where, for example, the trial court misapplies the law.

**Bank of Am., N.A. v. Estate of Hood**, 47 A.3d 1208, 1211 (Pa. Super. 2012), *appeal denied*, 60 A.3d 534 (Pa. 2012) (citations omitted). Similarly,

> The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an

interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion.

***Nationstar Mortgage, LLC v. Lark***, 73 A.3d 1265, 1267 (Pa. Super. 2013) (case citations and internal quotation marks omitted).

Preliminarily, we note that in a substantially non-compliant brief, Appellants have failed to develop an argument for each question raised with specific citation to pertinent authority to support the assertions made. (**See** Appellants' Brief, at unnumbered pages 9-11). In little more than a page, exclusive of a lengthy statutory citation (to selected sections from the Pennsylvania Fraudulent Transfers Act), Appellants present a threadbare and undeveloped argument which makes no effort to apply the statute cited to the errors claimed. Accordingly, all of Appellants' arguments are waived. **See** Pa.R.A.P. 2119(a), (b).

Moreover, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issues Appellants have raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Ct. Op., at unnumbered pages 3-5) (concluding (1) Appellee presented sufficient evidence to establish fraudulent intent of Appellant Paul Cook and "classic fraudulent conveyance," and (2) service on Appellant Lydia

Cook was legally sufficient). Even if Appellants' claims were not waived, we would affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2015

Circulated 09/18/2015 04:46 PM

Filing ID: 2030267
2010-11615-0132 Opinion

Luzerne County Civil Records
3/20/2015 12:06:27 PM

IN THE COURT OF (
OF LUZERNE COUNTY

---

JP MORGAN CHASE BANK NATIONAL :
ASSOCIATION, S/B/M TO CHASE :
HOME FINANCE, LLC, :
              Plaintiff :     CIVIL ACTION--LAW

   v. :

PAUL J. COOK and LYDIA COOK, :
Husband and wife, :
              Defendants :     NO: 11615 OF 2010

---

## OPINION PURSUANT TO RULE 1925(A)(1)

### BY THE HONORABLE MICHAEL T. VOUGH

This matter came before the Court on a Petition to Set Aside Sheriff's Sale and to Strike Judgment filed by Lydia Cook and Defendant Paul J. Cook. On October 3, 2014, the property located at RR3, Box 3054, Harvey's Lake, Luzerne County, Pennsylvania was sold at a Sheriff's sale to Plaintiff. At the time of the sale, the deed to the property listed Paul J. Cook and Lydia M. Cook as owners. This deed was dated August 26, 2011 and recorded on September 2, 2011 in Luzerne County deed book 3011 at page 166900. Defendant, Paul J. Cook, used this deed to convey the property from himself to himself and his wife. This conveyance was approximately one month after the entry of a mortgage foreclosure judgment which occurred on July 29, 2011 when the property was owned by Paul J. Cook.

Defendant, Paul J. Cook, filed a Petition to Open the Judgment on September 7, 2011. The Petition was denied by this Court and the denial was affirmed on Appeal by the Pennsylvania Superior Court. Defendant filed a separate petition to open the judgment on October 18, 2013. His petition was denied and the property was listed for sale on June 6, 2014. Defendant and his wife then filed separate petitions to stay the sale

which were denied. The sale was postponed until October 3, 2014 so Defendant's wife could be served with notice of the sale. Wife's petition for supersedeas was denied on September 11, 2014 and her appeal was quashed by the Superior Court on October 24, 2014.

By Order dated January 5, 2015, this Court denied the Petition to Set Aside the October 3, 2014 Sheriff's Sale and to Strike the Judgment. Defendant, Paul J. Cook, filed a timely appeal to the Pennsylvania Superior Court on January 26, 2015.

On February 2, 2015, this Court issued an Order requiring Defendant to file a Concise Statement of Errors Complained of on appeal within twenty-one days. Defendant complied with this Order on February 23, 2015. In his Concise Statement, Defendant raises five issues which can be summarized as follows: Was Plaintiff permitted to execute against the jointly owned property due to the fact that the transfer from Defendant to Defendant and his wife was a fraudulent conveyance and whether notice of the sale was properly made to Lydia Cook.

Defendant, Paul J. Cook, was solely responsible for the mortgage on the property. From June 17, 1993 until August 26, 2011, the property was owned by Defendant alone. Lydia Cook's name was added to the deed on August 26, 2011. Once the property was jointly owned, a tenancy by the entireties was formed and each spouse owned the entire property. Fazekas v. Fazekas, 737 A.2d 1262 (Pa.Super. 1999). A creditor of one has no interest in entireties property. Constitution Bank v. Olson, 620 A.2d 1146 (Pa.Super. 1993). "When a spouse conveys individual property to a tenancy by the entireties in fraud of creditors, the creditor may nevertheless execute against the property so conveyed." Stinner v. Stinner, 446 A.2d 651, 652 (Pa.Super. 1982).

Plaintiff claims that the conveyance made by Defendant on August 26, 2011 was fraudulent pursuant to Section 354 and Section 357 of the Pennsylvania Fraudulent Conveyance Act. 39 P.S. Sections 354 and 357. It appears that Section 357 more clearly supports Plaintiff's position. Section 357 is entitled "Conveyance made with intent to defraud" and states: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." 39 P.S. Section 357. In addressing this Section, the Pennsylvania Superior Court stated:

> This section of the Act does not require that the debtor make himself insolvent or execution proof, only that the debtor convey with intent to hinder, delay or defraud creditors. "Since fraud is usually denied, it must be inferred from all facts and circumstances surrounding the conveyance, including subsequent conduct." Godina v. Oswald, 206 Pa.Super. 51, 55, 211 A.2d 91 (1965).

Garden State Standardbred v. Seese, 611 A.2d 1239, 1243 (Pa.Super. 1992).

Based on the record established in this case, it is clear that Defendant's only purpose for transferring the property to himself and his wife was to prevent the sale which took place on October 3, 2014. For eighteen years, the property remained titled in Defendant's name alone although he was married to Lydia Cook. It took him slightly more than one month after the entry of the judgment in foreclosure to add his wife to the deed. Defendant attempted to open the judgment as did his wife. He now wants the foreclosure sale to be set aside. We have absolutely no hesitation in finding that the August 26, 2011 conveyance was done for the sole purpose of hindering, delaying and defrauding Plaintiff. This is a classic fraudulent conveyance and violates Section 357. Plaintiff has presented sufficient evidence to adequately establish the fraudulent intent of Defendant, Paul J. Cook.

Defendant's claim that his wife was not properly served with notice of the sheriff's sale also lacks merit. Lydia Cook was added to the deed after the entry of judgment but prior to the sale date. Notice of the sale had to be served on her pursuant to 42 Pa.R.C.P. 3129.2. If service cannot be made as provided by Rule 3129.2(c)(1)(i)(A) or 3129.2(c)(1)(i)(B), notice is to be served pursuant to special order of Court as provided by Rule 430. Pa.R.C.P. 3129.2(c)(1)(i)(C).

Because Lydia Cook could not be served, a Motion for Service of Notice of Sale Pursuant to Special Order of Court was filed by Plaintiff. On July 14, 2014, the Luzerne County Court of Common Pleas issued an Order pursuant to Pa.R.C.P. 430 which granted Plaintiff's Motion and permitted service by regular mail and posting of the property. Plaintiff filed an Affidavit of Service on September 4, 2014 which indicated that service was made in accordance with the July 14, 2014 Order. For the notice to be valid, it must "be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections." Boyer v. Walker, 714 A.2d 458, 462 (Pa.Super. 1998) quoting First Eastern Bank v. Campstead, 637 A.2d 1364, 1366 (Pa.Super. 1994). We find the notice provided by Plaintiff was sufficient.

> A petition to set aside a sheriff's sale invokes the equitable powers of a trial court. The burden of proof rests upon the proponent of the petition to show by clear and convincing evidence that the circumstances warrant relief. The trial court's ultimate disposition of the matter will not be disturbed upon review absent a find of an abuse of discretion.

Jefferson Bank v. Newton Associates, 686 A.2d 834, 838 (Pa.Super. 1996).

More than three and one half years have gone by since the mortgage foreclosure judgment was entered against Defendant. Numerous legal strategies have been employed by Defendant and his wife in an effort to prevent Plaintiff from exercising its rights in the property. Plaintiff is entitled to ownership of the property.

Because Defendant has failed to show that he is entitled to relief, our Order denying his Petition to Set Aside Sheriff's Sale and to Strike Judgment should be affirmed.

BY THE COURT:

DATE: 3-20-15

MICHAEL T. VOUGH, J.